**Lionel A. WHITE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 34832.**

Court of Criminal Appeals of Texas.

Oct. 31, 1962.

Rehearing Denied Dec. 12, 1962.

Louis A. Caso, Galveston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for felony theft; the punishment, seven years.

F. A. Marie testified that he owned and operated the Winnie Cash Grocery Store in Galveston; that during Hurricane Carla he locked the doors and boarded up the store on September 9, 1961; that when he returned to his store on September 12, it appeared that a crowbar or axe had been used to force open the door. He further testified that two adding machines, some butcher knives, and a large amount of gro-

ceries and meat in the store when he closed September 9, were gone and had been taken without his consent.

■ The state called Jessie Mae McGregor who testified that she, the appellant and two other persons, Broadnax and Coleman, lived in separate rooms upstairs in a rooming house in Galveston; that on September 11, she heard Broadnax tell the appellant that the grocery store was open, then appellant, Broadnax and Coleman got some sacks and left the rooming house, and soon each returned with a sack full of groceries. The three men again left with empty sacks and soon returned with more groceries and some butcher knives. Appellant told Jessie Mae that the groceries came from the Winnie Cash Grocery Store and gave her some of them. Shortly thereafter the appellant and Broadnax again left the house and returned and she saw the appellant remove an adding machine from a sack while he was in front of his room door and Broadnax also had an adding machine. At this time Jessie Mae heard appellant say they could sell the machines and get some money and then appellant told Broadnax to put them under the bathtub in the bathroom, which he did; and appellant told Jessie Mae that if anyone inquired about these things to tell them that she bought them, and threatened injury to her if she told where he got them. While testifying Jessie Mae identified the adding machines exhibited to her and also other articles as those the appellant, Broadnax and Coleman had brought into the rooming house.

Two officers testified that the two adding machines exhibited to them were the same as those they found in the bathroom of the rooming house September 13, and that the knives were those found in appellant's dresser drawer.

Proof was introduced that the two adding machines were of the market value of more than fifty dollars.

The evidence shows that the two butcher knives used in the market of the Winnie Cash Grocery were the same knives brought to the rooming house along with the groceries by the appellant on September 11, that he placed them in a dresser drawer in his room, and they were found there by the officers on September 13.

The appellant testifying in his own behalf stated that he got the groceries and the two knives out of a boat, gave Jessie Mae some of the articles and placed the two knives in the dresser drawer in his room. He denied going to the store but said he saw many people going in and out of the Winnie Cash Grocery; and he also denied knowing or being connected in any way with the adding machines at any time.

The evidence is sufficient to warrant the conviction for the theft of the two adding machines and groceries as charged.

Appellant urges that the trial court committed error in admitting testimony regarding the search of the other tenants' rooms or the common bathroom.

■ The appellant is not in a position to complain of the search of the other tenants' rooms, since the right to object that a search was illegal is a privilege to be exercised only by one in lawful possession of the premises searched. Paige v. State, 161 Tex.Cr.R. 571, 279 S.W.2d 344; Hatfield v. State, 161 Tex.Cr.R. 362, 276 S.W. 2d 829; Rubens v. State, 166 Tex.Cr.R. 71, 311 S.W.2d 242. The testimony as to the search of the bathroom used by all of the tenants was introduced without objection.

■ Appellant further complains that the court erred in granting the state's motion to prevent appellant's cross-examination of the witness Jessie Mae McGregor pertaining to her police record.

In the absence of a showing that such examination would have revealed facts which would have been admissible under the provisions of Art. 732a, Vernon's Ann. C.C.P., no error is shown.

The other contentions presented have been considered and do not show error.

The judgment is affirmed.

Opinion approved by the Court.

## ON MOTION FOR REHEARING

MORRISON, Judge.

My brethren overrule appellant's motion for rehearing without written opinion.

In view of the recent opinion of the Supreme Court of the United States (June, 1962) in Lanza v. New York, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384, the writer deems it wise to observe that appellant was not present in the rooms of the other roomers at the time such rooms were searched and the officer testified that he secured the consent of such roomers before a search was conducted.