**Dewey DAUGHERTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 38419.**

Court of Criminal Appeals of Texas.

June 23, 1965.

Rehearing Denied Oct. 20, 1965.

Joel C. Elliott, Canton, for appellant.

Bob Bartlett, Dist. Atty., Canton, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

Appellant was convicted for aiding a prisoner to escape from the custody of the sheriff; his punishment, three years.

The record reflects that appellant went to the jail to visit his brother Douglas Daugherty; that he took money from Douglas Daugherty to buy a gun; that he bought a gun at a pawn shop in Dallas and delivered it to his brother in jail; that later, Gillingham, another prisoner, pulled the gun on the sheriff and jailer; that Douglas Daugherty and the other prisoner escaped jail and from the custody of the sheriff.

Appellant's confession was introduced which recited that he thought his brother was being held for burglary; that he was given $60.00 to buy a gun; that he paid $30.00 for the pistol and $5.00 for a box of shells; that he delivered the gun to his brother in the jail at Canton; that he wanted to help him; that he tried to talk him out of breaking jail; that he left his brother's car parked at the courthouse.

Appellant did not testify nor offer any evidence in his behalf.

It is contended that the evidence is insufficient to support the conviction in that the conviction should have been under Article 326, P.C., denouncing aiding one charged with a felony to escape from jail.

Article 329, P.C., under which the conviction was had, was complied with. The State had the right and privilege to carve or to elect to prosecute as it did.

In Shannon v. State, 170 Tex.Cr.R., 338 S.W.2d 462, conviction was for theft; the proof showed robbery. The Court held that no successful complaint could be made that proof showed robbery and not theft; that the State may carve out of any transaction whatever crime the facts will support, and the accused is in no position to complain.

The sentence imposes punishment at not less than 3 years, nor more than 3 years confinement in the Texas Department of Corrections. The sentence is reformed to read not less than 2 years, nor more than 3 years in the Texas Department of Corrections.

Finding the evidence sufficient to support the verdict, and no reversible error appearing, as reformed, the judgment is affirmed.

WOODLEY, Judge (dissenting).

The indictment, drawn under Art. 329 P.C., alleged that appellant did: "then and there unlawfully and willfully aid in the escape of James Douglas Daugherty, a prisoner, from the custody of B. W. Ward, who was then and there the duly qualified Sheriff of Van Zandt County, and as such, then and there held in his custody, the said James Douglas Daugherty on an accusation of a felony; and the said Dewey Daugherty, then and there knowing the premises, with the intent to aid in the escape of said prisoner, did then and there unlawfully and willfully smuggle a pistol to a prisoner, James Douglas Daugherty, which said act so done by the said Dewey Daugherty, was calculated to effect the escape from custody, of the said James Douglas Daugherty, against the peace and dignity of the State."

Article 329 P.C. provides:

"Whoever wilfully aids in the escape of a prisoner from the custody of an officer by whom he is legally held in custody on an accusation of felony, by doing any act calculated to effect that object, shall be confined in the penitentiary not less than two nor more than seven years; and if, in aiding in the escape, he shall make use of arms, he shall be confined in the penitiary not less than two nor more than ten years."

The evidence shows that appellant went to the Van Zandt County Jail, where his brother Douglas was a prisoner charged with a felony; that he took money from his brother with which to buy a pistol; that he bought the pistol at a pawn shop in Dallas and took it to his brother, and that a few days later his brother's cellmate pulled the gun on the sheriff and they both escaped.

The evidence relied upon to prove the allegations of the indictment show a violation of Art. 326 P.C. which provides:

"Whoever shall convey or cause to be conveyed into any jail any disguise, instrument, arms, or any other thing useful to aid any prisoner in escaping, with intent to facilitate the escape of a prisoner lawfully detained in such jail on an accusation of felony, or shall in any other manner calculated to effect the object, aid in the escape of a prisoner legally confined in jail, shall be imprisoned in the penitentiary not less than two (2) nor more than five (5) years. This Article shall also apply to anyone aiding one who has been convicted, and is being lawfully detained in jail, to escape from jail."

Art. 329 P.C., which relates to aiding one charged with a felony to escape from the custody of an officer by whom he is held in custody, and Art. 326 which relates to aiding one charged with a felony to escape from jail define two separate and distinct offenses, with different punishment provided. Mason v. State, 7 Tex. App. 623; 2 Branch's Ann.P.C. 360, Sec. 911.

The variance between the allegations of the indictment and the proof renders the evidence insufficient to sustain the conviction for violation of Art. 329 P.C.

I respectfully dissent to the affirmance of the conviction.