Don Elden VANNERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 39541.

Court of Criminal Appeals of Texas.

May 25, 1966.

Rehearing Denied June 25, 1966.

Tom Upchurch, Jr., Amarillo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

McDONALD, Presiding Judge.

The offense is forgery; the punishment five years in the Texas Department of Corrections.

Texaco service station attendant Guy Hamilton testified that appellant purchased a set of automobile tires from the station where he was employed, and that, in payment for the tires, appellant presented a Texaco credit card issued to one D. H. Lundegreen and signed the credit card invoice, as purchaser, for the purchase price of $147.59. The name he signed on the invoice was that of D. H. Lundegreen.

A reading of the credit card invoice, entered in evidence by the state, shows that appellant's act, if the signature had been valid, would have created a pecuniary obligation owed by D. H. Lundegreen to Texaco, Inc.

Attendant Leslie Lee also testified that he saw appellant sign the invoice as payment for the tires placed on the automobile he was driving on the day of the offense.

The Texaco credit card issued to D. H. Lundegreen was introduced into evidence, and witness Lundegreen identified his signature which was affixed to the credit card. He testified that the signature on the credit card invoice was not his signature and that he did not give appellant permission to sign his name on the invoice.

Mrs. Lundegreen testified that the Texaco credit card, along with others, was in her purse when it was stolen prior to the alleged offense, and that the signature on the invoice was not hers.

■ We find the evidence sufficient to support the jury's verdict of guilty.

■ Appellant objected to the admission in evidence of State's Exhibit No. 1, the credit card invoice bearing the forged sig-

nature, contending that the document was a carbon copy, and that the best evidence rule dictates that only the original document is admissible. State's Exhibit No. 1 appears to be a duplicate of the agreement bearing the signature D. H. Lundegreen as purchaser. There is an agreement in the record, signed by the attorney for the state and the attorney for the appellant, to substitute a reproduced copy for the original State's Exhibit No. 1. No error is presented for review.

Appellant objected to the admission in evidence of four credit cards purporting to have been issued to D. H. Lundegreen, because such evidence was obtained through an allegedly illegal search and seizure. The record reveals that an automobile driven by appellant was stopped by an officer of the Plainview Police Department and that appellant was issued tickets for speeding and following too closely. An incidental search of the vehicle produced a set of stolen license plates, whereupon appellant was arrested and the automobile impounded in a local wrecking yard. As the owner of that business was rolling up the windows of the automobile after taking it from the scene of appellant's arrest to the wrecking yard, two credit cards fell out of the door panel. The wrecking yard attendant notified law enforcement authorities, who, by removing the door panel, recovered two additional credit cards. Appellant contends that the search of the automobile without a warrant, made after the car was impounded, was unlawful, and that the credit cards were therefore inadmissible as the fruits of an unlawful search.

■ The automobile was not shown to belong to appellant, nor is there evidence that he was ever in lawful possession of it. Evidence introduced by appellant and by the state tended to show that the automobile at various times bore license plates issued to persons other than appellant. Under such circumstances, appellant is in no position to complain about the search. White v. State, Tex.Cr.App., 362 S.W.2d 650;

Holcomb v. State, 172 Tex.Cr.R. 292, 356 S.W.2d 669.

■ Appellant urges that error was committed when appellant was tried upon an indictment for forgery in violation of Article 979, Vernon's Ann.P.C. He contends that Article 1555b, Vernon's Ann.P.C., which is a specific statute controlling fraudulent acts concerning credit cards, precludes prosecution under the general forgery statute. He further urges that the jury should have been charged in accordance with Article 1555b.

There was no motion to quash the indictment, and appellant did not object to the court's charge or proffer any requested instructions. We overrule appellant's contention that fundamental error was committed by the trial court. The state can carve out of any transaction whatever crime the facts will support. Daugherty v. State, Tex.Cr.App., 394 S.W.2d 177; Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462.

Sheffield v. State, 165 Tex.Cr.R. 354, 307 S.W.2d 100, relied upon by appellant, is not in point. In Sheffield, this Court was concerned with the rule of statutory construction that when two statutes cover the same subject matter, the one general and the other special, the special statute will control. There, it was concluded that where the offense was covered by Article 1007, Vernon's Ann.P.C., a special statute which covered the same subject matter as did the general statute, Article 360, Vernon's Ann. P.C., then the accused should be charged with violation of the special statute.

This rule is not applicable here. Article 1555b makes criminal the act of presenting a credit card (with or without a concomitant act of forgery) with the intent to defraud, to obtain or attempt to obtain something of value or to pay for something. Article 979 makes forgery an offense. These statutes do not cover the same subject matter. Appellant, on the facts pre-

sented by this record, could have been charged for his act of presenting the credit card with intent to defraud, or for his act of forgery.

We have examined appellant's remaining informal bills of exception, and find no reversible error.

The judgment is affirmed.