Ex parte James Carlton CARTER.

No. 62953.

Court of Criminal Appeals of Texas,
En Banc.

May 20, 1981.

Rehearing Denied July 22, 1981.

Robert Huttash, State's Atty., Austin, for the State.

1. Amended by Acts 1979, 66th Leg., p. 1216, ch. 588, Sec. 2, eff. Sept. 1, 1979.

OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P. On January 16, 1979, in a trial before the court, petitioner entered a plea of guilty to the offense of attempted arson. Punishment was assessed at four years.

Petitioner now contends that the indictment under which he was convicted is fundamentally defective. The indictment upon which petitioner was convicted alleges in pertinent part:

"James Carlton Carter ... did then and there knowingly and intentionally attempt to start a fire with the intent to damage and destroy a habitation without the effective consent of Elnora Terry, the owner thereof,"

The applicable portion of V.T.C.A. Penal Code, Sec. 15.01, defines criminal attempt as follows:

"(a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

At the time of the instant offense, the offense of arson was defined in V.T.C.A. Penal Code, Sec. 28.02, in the following manner:[1]

"(a) A person commits an offense if he starts a fire or causes an explosion:

"(1) without the effective consent of the owner and with intent to destroy or damage the owner's building or habitation;"

In *Cody v. State*, Tex.Cr.App., 605 S.W.2d 271, the defendant maintained that his felony information for attempted arson was fundamentally defective. The information alleged that the defendant did:

"then and there, with the specific intent to commit the offense of Arson, knowingly and intentionally attempt to start a fire with the intent to damage and destroy a building, without the effective consent of Ralph V. Alexander, the owner of the said building, said attempt amounting to more than mere preparation that tended but failed to effect the commission of the offense intended, in that the said Robert Lee Cody poured gasoline on the floor of said building."

The Court found the information sufficient to allege the offense of attempted arson and stated:

"In this case, the information alleges a legal conclusion of more than mere preparation and a factual allegation of 'poured gasoline on the floor.' We find that the alleged act supports the conclusion that he attempted to start a fire in that the only remaining act he had to perform in order to complete the offense was the actual setting of the fire. We conclude that the information herein contains the essential elements of the offense. . . ." Id. at 274.

In *Hobbs v. State*, Tex.Cr.App., 548 S.W.2d 884, the Court concluded that the defendant's indictment was insufficient to allege the offense of attempted capital murder and stated:

"The facts constituting an offense denounced by a statute should be alleged so that the conclusion of law may be arrived at from the facts stated. *Posey v. State* [Tex.Cr.App.], 545 S.W.2d 162 (1977), and numerous cases cited therein. Does the instant indictment allege facts which would lead to the legal conclusion that appellant did 'more than mere preparation' in committing the offense of attempted capital murder?

"The indictment does nothing more than aver a promise to pay a named individual to kill James Leon Hobbs by shooting him with a gun. This factual allegation is not such as would lead to the legal conclusion that the accused committed acts 'amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.'" Id. at 886.

See *Doty v. State*, Tex.Cr.App., 585 S.W.2d 726; *McManus v. State*, Tex.Cr.App., 591 S.W.2d 505.

In the instant case, petitioner relies on *Hobbs* in support of his contention that the indictment fails to allege facts from which a conclusion of law may be arrived. Unlike the information in *Cody* which alleged pouring gasoline on the floor in support of the legal conclusion of an attempt to start a fire, the indictment in the instant case alleges nothing more than the legal conclusion of an attempt to start a fire. We find petitioner's indictment defective for failing to allege facts which would lead to such a legal conclusion. *Posey v. State*, supra.

We find that petitioner's indictment for attempted arson fails to allege an offense and that the conviction based thereon is void. The relief sought as to the conviction in Cause No. 18819C in the 251st Judicial District Court of Potter County is granted and the indictment is ordered dismissed.

W. C. DAVIS, McCORMICK, JJ., dissent.

TEAGUE, J., concurs in result.

## OPINION DISSENTING TO THE OVERRULING WITHOUT WRITTEN OPINION THE STATE'S MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING

DALLY, Judge.

The State says that a curious paradox is created by the majority opinion, since the indictment, which is quoted in the majority opinion, if it had omitted the words "attempt to" would allege the consummated offense of arson. V.T.C.A. Penal Code, Sec. 21.02(a)(1). An attempt to commit the offense is a lesser included offense of a charged offense. This is the explicit provision of Art. 37.09(4), V.A.C.C.P. and this Court has held that an indictment for a consummated offense puts a defendant on notice that he is also charged with an attempt to commit the offense charged. *Hill v. State*, 521 S.W.2d 253 (Tex.Cr.App.1975). Therefore, an allegation that a defendant

committed the offense of arson would include the offense of attempted arson and put a defendant on notice he was also charged with an attempt to commit the offense of attempted arson.

The majority opinion fails to take into account the practical result of Art. 37.09, V.A.C.C.P. as it was amended effective January 1, 1974, to coincide with the effective date of the new Penal Code. The State's argument has persuaded me that I was incorrect in joining the majority on original submission. The Court should grant the motion for leave to file the motion for rehearing and consider the State's argument which appears to be sound. The majority opinion on original submission applies a rule which obtained under the old Penal Code before Art. 38.09, V.A.C.C.P. was amended. That rule should not now be applied.

I dissent to the overruling without written opinion the State's Motion for Leave to File a Motion for Rehearing.

McCORMICK, J., joins this dissent.