Gilbert Juan TORRES, Appellant,

v.

The STATE of Texas, Appellee.

No. 60788.

Court of Criminal Appeals of Texas, Panel No. 2.

June 17, 1981.

Rehearing Denied July 22, 1981.

George L. Lewis, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann, Matt Leeper, Asst. Dist. Attys., Houston, and Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

2. V.T.C.A. Penal Code, § 1.07, defines "element of the offense" thus:
   "(a) In this code

## OPINION

CLINTON, Judge.

Appeal is taken from a conviction for the offense of attempt, in which appellant's punishment was assessed at five years confinement.

Appellant raises six grounds of error for consideration; however, we confront at the outset a matter which must be addressed in the interest of justice. Article 40.09, § 13, V.A.C.C.P. The indictment returned against appellant alleged that he did,

"... attempt to start a fire with the intent to damage and destroy a building owned by Federico Garza Prieto, hereinafter styled the Complainant, without the effective consent of the Complainant."

The offense of "criminal attempt" is proscribed by V.T.C.A. Penal Code, § 15.01(a), which provides,

"A person commits an offense if, with specific intent to commit an offense, he does *an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.*" [1]

■ It is readily apparent that this provision is a general attempt statute in which the constituent elements of the offense are uniform, irrespective of which other offense is specifically intended. See Practice Commentary to § 15.01, supra. The elements of the offense, then, are: (1) a person; (2) with specific intent to commit an offense (the required culpability); (3) does an act amounting to more than mere preparation (the forbidden conduct); (4) that tends but fails to effect the commission of the offense intended (the required result).[2] See *Hobbs v. State*, 548 S.W.2d 884 (Tex.Cr.App.1977); *Baldwin v. State*, 538 S.W.2d 615 (Tex.Cr.App.1976).

■ In the instant case, the indictment more than adequately charges arson as the

\* \* \* \* \* \*

(13) 'element of offense' means:
   (A) the forbidden conduct;
   (B) the required culpability;
   (C) any required result;
   (D) the negation of any exception to the offense."

offense specifically intended.[3] But the third and fourth elements of the offense of attempt—the forbidden conduct and the required result—are notably absent from the face of the indictment. Compare *Cody v. State*, 605 S.W.2d 271 (Tex.Cr.App.1980).

In *McCravy v. State* (Tex.Cr.App., No. 64,033, delivered September 10, 1980) (pending on Motion for Rehearing), it was held:

"... so long as an indictment charging an attempt alleges every element of the offense—the conduct, the culpable mental state and the required result—and each element is alleged *either* in the language of § 15.01, supra, *or* by words conveying the same meaning as the statutory words, that indictment will not fail for fundamental sufficiency. *Dovalina*, supra; [other citations omitted]."

Because the indictment returned against appellant failed to allege the attempt in either the language of the statute or by words illustrating the essential conduct and required result elements of attempt, it was void on its face and the trial court, therefore, without jurisdiction. *Ex parte Carter*, 618 S.W.2d 331 (Tex.Cr.App.1981); *Hobbs*, supra.

Accordingly, the judgment of the trial court is reversed and the prosecution dismissed.

It is so ordered.

Before the court en banc.

## OPINION DISSENTING TO THE OVERRULING WITHOUT WRITTEN OPINION THE STATE'S MOTION FOR LEAVE TO FILE A MOTION FOR REHEARING

DALLY, Judge, dissenting.

The panel has failed to take into account the practical result of Art. 37.09, V.A.C.C.P.

as it was amended effective January 1, 1974, to coincide with the effective date of the new Penal Code.

An attempt to commit the offense is a lesser included offense of a charged offense. This is the explicit provision of Art. 37.-09(4), V.A.C.C.P. and this Court has held that an indictment for a consummated offense puts a defendant on notice that he is also charged with an attempt to commit the offense charged. *Hill v. State*, 521 S.W.2d 253 (Tex.Cr.App.1975). Therefore, an allegation that a defendant committed the offense of arson, V.T.C.A. Penal Code, Sec. 28.02, would include the offense of attempted arson and put a defendant on notice he was also charged with an attempt to commit the offense of attempted arson.

The majority now overrule the motion without written opinion and without considering that the panel has applied a rule which obtained under the old Penal Code before Art. 37.09, V.A.C.C.P. was amended, that rule is not now applicable. The Court has ignored the State's argument which appears to be sound. See my opinion dissenting to the overruling without written opinion the State's Motion for Leave to File the Motion for Rehearing in *Ex parte Carter*, 618 S.W.2d 331 (Tex.Cr.App.1981).

I dissent.

McCORMICK, J., joins in this dissent.

---

**3.** At the time appellant is alleged to have committed the offense, arson was denounced by V.T.C.A. Penal Code, § 28.02, as follows in relevant part:

"(a) A person commits an offense if he starts a fire or causes an explosion:

(1) without the effective consent of the owner and with intent to destroy or damage the owner's building or habitation;"

Attorneys for the State which may wish to note that the elements of the intended offense need not be alleged in order to charge an attempt. *Williams v. State*, 544 S.W.2d 428 (Tex. Cr.App.1976). See also *Dovalina v. State*, 564 S.W.2d 378 (Tex.Cr.App.1978) [holding allegation of "attempt" is sufficient to allege "intent"].