Lawrence Eugene GUILLORY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0630–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 11, 1982.

Discretionary Review Refused
Oct. 6, 1982.

Allen Isbell, Houston, for appellant.

Alvin M. Titus, Asst. Dist. Atty., Houston, for appellee.

Before BASS, SMITH and DYESS, JJ.

SMITH, Justice.

The appellant was convicted of attempted capital murder by a jury and the court assessed his punishment at fifty years in the Texas Department of Corrections.

The appellant alleges ten grounds of error in which he asserts a faulty indictment and charge, insufficiency of the evidence, and illegal search and seizure.

The complainant, a maintenance man at an apartment complex, observed a pick-up truck back up to his tool shed at about midnight on August 31, 1980. He observed a female sitting in the truck and noted the license number of the truck. He entered the shop, saw two men taking tools from the shop, hit one of them on the head and ran. He was shot in the back as he fled.

The next day, police officers observed a pick-up truck which had been reported as stolen and used in a burglary, and arrested the appellant and his female companion in the truck. The pick-up was searched and a pair of channellocks and bolt cutters were found, as well as two gun cartridges. Linda Garcia, the female arrested with the appellant, gave a key to the police to search a motel room and signed a voluntary written consent to search the room. A pistol was recovered during the search, which was identified as the gun used to shoot the complainant.

▬ The appellant's first ground of error alleges that the jury charge is fundamentally defective in that it does not require the jury to determine whether the evidence proved beyond a reasonable doubt that the forbidden act tended but failed to effect the commission of the offense intended. He alleges that "the question before the court is not whether there was sufficient evidence to support a jury finding that the forbidden act 'tended but failed to effect the commission of capital murder,' but whether the court's charge required the jury to make that determination before finding the appellant guilty." The Texas Court of Criminal Appeals in *Torres v. State,* 618 S.W.2d 549, 550 (Tex.Cr.App.1981), sets forth the elements of the offense of attempt in the following manner:

The elements of the offense, then are (1) a person; (2) with specific intent to commit an offense (the required culpability); (3) does an act amounting to more than mere preparation (the forbidden conduct); (4) that tends but fails to effect the commission of the offense intended (the required result).

Count one of the charge, the count on which the appellant is making his complaint, reads as follows:

Before you would be warranted in convicting a defendant of attempted capital murder you must find from the evidence beyond a reasonable doubt not only that on the occasion questioned the defendant was engaged in the commission or attempted commission of the felony offense of burglary of a building of Doyle Keith Beitz, the complainant, but also during a commission of burglary of the building or attempted commission thereof, if any, the defendant shot the said Doyle Keith Beitz with a gun with the intention of thereby killing him. Unless you find from the evidence beyond a reasonable doubt that the defendant on said occasion specifically intended to kill the said Doyle Keith Beitz when he shot the said Doyle Keith Beitz with a gun, if he did, you cannot convict the defendant of the offense of attempted capital murder.

The following definition of the word "attempt" is contained within the charge:

A person attempts to commit an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends, but fails, to effect the commission of the offense intended.

We are of the opinion when the definition of "attempt" is considered in conjunction with count one, that an act amounting to

more than mere preparation that tends but fails to effect the commission of the offense intended has been included in the charge. See *Williams v. State,* 544 S.W.2d 428 (Tex. Cr.App.1976); *Colman v. State,* 542 S.W.2d 144 (Tex.Cr.App.1976). Ground of error one is overruled.

The appellant's second ground of error is essentially the same as the first, except that it alleges that the indictment was fundamentally defective for the same reason that he had alleged the charge was defective, i.e. it failed to allege the required result. The allegations in the indictment and charge in this case read essentially the same and each contained the four elements of the offense. For the reasons stated under ground of error number one, no fundamental error existed, and there is nothing to review. We overrule ground of error number two. *Williams v. State, supra.*

The appellant's third ground of error is that fundamental error was committed in that the court's charge went beyond the allegations in the indictment because the charge used the general term "gun" while the indictment specifically alleged "pistol." In the general portion of the court's charge the term gun was used. However, in that portion of the charge in which the court applied the facts to the law, the following phrase was used, "by intentionally shooting him with a pistol." It is fundamental error when a charge enlarges on an indictment. *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979). However, it has been held that an indictment charging the shooting of a gun and the proof showing the use of a pistol were not at a material variance. *Adams v. State,* 150 Tex.Cr. 431, 202 S.W.2d 933 (1947). We are of the opinion that the charge is not at variance with the indictment and does not enlarge upon the indictment, for the reason that the specific portion of the charge applying the facts to the law uses the word pistol as was used in the indictment. Appellant's third ground of error is overruled.

The appellant's fourth ground of error contends that the evidence was insuffi-

cient to support a conviction for the offense of attempted capital murder as alleged in the indictment for the reason that the evidence showed that the attempted murder occurred during the commission of a robbery, not a burglary. The appellant contends that once the unlawful entry was made, then the offense of burglary was *fait accompli,* and when the pistol was pulled out, another felony, aggravated robbery, occurred. He then states that since the attempted capital murder occurred during the offense of aggravated robbery and not during the offense of burglary as stated in the charge, the conviction of attempted capital murder cannot stand since this theory was not pled by the State.

The appellant's theory is unique, but he cites no authority for the proposition that the mere fact of firing a pistol during the course of a burglary, in and of itself, terminates the offense of burglary. In addition to the facts hereinabove set forth, the record reveals that after the complainant hit the man he had seen enter his tool shop, the man fell to the floor. At that time the complainant discovered that there was a second man involved in the burglary, and as the second man started to speak to the complainant the man on the floor fired a shot at the complainant. The appellant was in the course of committing the offense of burglary when the complainant was shot, and there were no intervening facts prior to the shot being fired that would change the nature of the offense. The appellant's fourth ground of error is overruled.

The appellant's fifth and sixth grounds of error contend that the trial court erred in ruling that the third party consent to a full search of the appellant's motel room was valid, and that it was error to admit into evidence the pistol found in the motel room. An oral and a written consent to search the motel room was given to the Houston police officer by Linda Garcia. She also furnished the officers with a key to the room. The written consent authorized the Houston Police Department to conduct a complete search of "my residence located at . . . ," and further authorized the officers to "take from my residence any letters, papers, ma-

terial or other property which they may desire." It was also testified that Ms. Garcia paid the rent occasionally on the motel room. A pistol was found underneath a mattress in the room, which was identified as being the gun which fired the bullet which struck the complainant.

The appellant contends that this third party consent to search was invalid because the police officers did not have sufficient knowledge as to whether or not Ms. Garcia had "common authority" over the premises as required by the *United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974). The *Matlock* decision holds that "the consent of one who possesses common authority over premises or effects is valid as against the absent, non-consenting person with whom that authority is shared." 94 S.Ct. 993. The appellant claims that even though several witnesses were called to establish that a joint tenancy did exist between the appellant and Ms. Garcia, there was no showing that the police had knowledge of the alleged common authority prior to obtaining consent from Ms. Garcia, and cites *Moffet v. Wainright,* 512 F.2d 496 (5th Cir. 1975). In *Moffet,* the police officer testified that the females who were present in the apartment stated that it was their home and permitted a search, but the court held that "consent to a search is not to be lightly inferred, but should be shown by clear and convincing evidence." The court then held that common authority was not shown to exist.

■ Generally, third parties have authority to consent to a search when they have equal control over and equal use of the premises being searched. *Collins v. State,* 548 S.W.2d 368 (Tex.Cr.App.1977); *Swinney v. State,* 529 S.W.2d 70 (Tex.Cr.App.1975). To justify the warrantless search of the apartment, the State offered evidence that Ms. Garcia orally and in writing stated that the room in question was her residence, voluntarily gave the police a key to the residence and had occasionally paid the rent for the residence. The police officer's testimony concerning the rent payments merely corroborated Ms. Garcia's statements that the apartment was her residence. We are of the opinion that the State's evidence established Ms. Garcia's equal right and common authority over the premises. The appellant's fifth and sixth grounds of error are overruled.

The appellant's grounds of error seven through ten allege error in the warrantless search of the appellant's motor vehicle, and the introduction into evidence of the items found in the vehicle. The appellant contends that there was no necessity to search the vehicle for the protection of the officers, since the appellant was arrested on a sidewalk, and there was no testimony as to any policy requiring inventory of vehicles, as required by *Evers v. State,* 576 S.W.2d 46 (Tex.Cr.App.1979).

■ We find no merit in these contentions. The vehicle used by the appellant was a stolen pick-up and there is no evidence that the appellant was in lawful possession of it. The appellant did not testify as to his rightful possession of the vehicle and under such circumstances the appellant is in no position to complain about the search. *Vannerson v. State,* 403 S.W.2d 791 (Tex.Cr.App.1966); *White v. State,* 362 S.W.2d 650 (Tex.Cr.App.1962); *Holcomb v. State,* 172 Tex.Cr.R. 292, 356 S.W.2d 669 (1962). Appellant's grounds of error seven through ten are overruled and the appellant's conviction is affirmed.