**Ex parte Patrick Brent CAMPBELL.**

**No. 69074.**

Court of Criminal Appeals of Texas.

Feb. 9, 1983.

Roy Greenwood, Austin, for appellant.

John B. Holmes, Jr., Dist. Atty. and Susan Spruce, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P. On April 26, 1979, in a trial before the court, petitioner entered a plea of guilty to the offense of attempted burglary. Punishment was assessed at six years.

Petitioner now contends that the indictment under which he was convicted is fundamentally defective. The indictment upon which petitioner was convicted alleges in pertinent part that appellant on or about March 15, 1979 did then and there unlawfully:

"attempt to enter a habitation owned by Linda Payne, having intent to commit burglary."

The applicable portion of V.T.C.A. Penal Code, Sec. 15.01, defines criminal attempt as follows:

"(a) A person commits an offense, if with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

The indictment need not allege the phrase "amounting to more than mere preparation that tends but fails to effect the commission of the offense intended," if it alleges facts which show the act is of that character. *McCravy v. State,* 642 S.W.2d 450; *Morrison v. State,* 625 S.W.2d 729; *Ex parte Carter,* 618 S.W.2d 331.

V.T.C.A. Penal Code, Sec. 30.02 defines the offense of burglary. In pertinent part, it provides:

"(a) A person commits an offense if, without the effective consent of the owner, he

"(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft."

No acts are alleged in the indictment which can be construed to amount to "more than mere preparation." We find that the indictment fails to allege an offense and the conviction based thereon is void. The relief sought as to the conviction in Cause No. 293965–A in the 185th District Court of Harris County is granted and the indictment is ordered dismissed.

CAMPBELL, J., concurs in the result.