## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### FEBRUARY 1998 SESSION



**FILED**

**April 22, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 02C01-9704-CR-00153** |
| Appellee, | ) | |
| | ) | **SHELBY COUNTY** |
| VS. | ) | |
| | ) | **HON. JOHN P. COLTON, JR.** |
| **CHARLES E. TAYLOR,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Habitual Motor Vehicle Offender) |

FOR THE APPELLANT:                FOR THE APPELLEE:


**A C WHARTON, JR.**
Public Defender

**WALKER GWINN**
Asst. Public Defender
201 Poplar, Suite 201
Memphis, TN 38103

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH T. RYAN**
Asst. Attorney General
425 Fifth Ave., North
Cordell Hull Bldg., Second Fl.
Nashville, TN  37243-0493

**JOHN W. PIEROTTI**
District Attorney General

**ALANDA HORNE**
Asst. District Attorney General
201 Poplar, Suite 301
Memphis, TN 38103


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

## O P I N I O N

The defendant was declared a habitual motor vehicle offender on December 10, 1996. He now appeals and argues that such a declaration violated the double jeopardy provisions of the state and federal constitutions. He does not contest the underlying facts which led him to be declared such an offender.[1]

The Habitual Motor Vehicle Offenders Act seeks to deny the privilege of operating a motor vehicle to those who have demonstrated "their indifference to the safety and welfare of others and their disrespect for the laws of the state." T.C.A. § 55-10-602(2). The defendant was convicted of four driving offenses between January 1991 and June 1995, thus he falls within the statutory definition of a habitual offender. T.C.A. § 55-10-603(2).

The defendant now argues that his being declared a habitual offender is violative of the due process clause. He argues that he was convicted of four offenses and was punished accordingly. He further contends he "has already suffered mandatory temporary revocation of his drivers license" and is now being punished a second time for the same conduct.

The Supreme Court of Tennessee has addressed this very issue and has determined that the revocation of driving privileges under the Habitual Motor Vehicle Offenders Act does not subject one to double jeopardy. State v. Conley, 639 S.W.2d

---

[1]In its brief, the State argues that the defendant failed to timely file his Notice of Appeal. This contention is in error. An order was entered on December 2, 1996, denying the defendant's motion to dismiss the State's petition. However, the order actually declaring the defendant a habitual motor vehicle offender was not entered until December 10, 1996. It is from this latter date that the time for filing a Notice of Appeal begins. The defendant filed his notice on January 9, 1997. This is within the thirty days as time is computed under T.R.A.P. Rule 21(a).

435, 437 (Tenn. 1982). The defendant, however, invites this Court to reconsider the Conley case using the analysis of a more recent United States Supreme Court case, United States v. Halper, 490 U.S. 435 (1989). This Court has previously performed such an analysis and has concluded that even under the most recent federal cases, a defendant's declaration as a habitual motor vehicle offender and subsequent revocation of his license is not violative of his right against double jeopardy as provided by both the federal and state constitutions. State v. Jeffery L. Becton, No. 02C01-9611-CR-00431, Shelby County (Tenn. Crim. App. filed Dec. 3, 1997, at Jackson)(no perm. app. filed); State v. Milton Spears, Jr., No. 02C01-9606-CR-00197, Shelby County (Tenn. Crim. App. filed July 10, 1997)(no perm. app. filed); State v. Randy A. McClure and Teddy G. Ownby, No. 03C01-9605-CC-00198, Sevier County (Tenn. Crim. App. filed Jan. 29, 1997, at Knoxville)(no perm. app. filed). The judgment of the court below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH B. JONES, Judge

_____
THOMAS T. WOODALL, Judge