In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00179-CR


______________________________




BRUCE EARL GODLOCK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 36487-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Bruce Earl Godlock attempts to appeal from his conviction for delivery of a controlled
substance. His sentence was imposed June 5, 2008, and no motion for new trial was filed. His
notice of appeal was filed August 13, 2008. (1)

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) of the Texas Rules of Appellate Procedure
prescribes the time period in which a notice of appeal must be filed by a defendant in order to perfect
appeal in a criminal case. A defendant's notice of appeal is timely if filed within thirty days after the
day sentence is imposed or suspended in open court, or within ninety days after sentencing if the
defendant timely files a motion for new trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. 
Because no motion for new trial was filed, the last date Godlock could timely file his notice of
appeal was July 7, 2008, thirty days after the day, according to his motion, the sentence was imposed
in open court. See Tex. R. App. P. 26.2(a)(1); 4.1(b). Further, no motion for extension of time was
filed in this Court within fifteen days of the last day allowed for filing the notice of appeal.

 


 Godlock has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.


 Bailey C. Moseley

 Justice


Date Submitted: August 19, 2008

Date Decided: August 20, 2008


Do Not Publish


1. Counsel filed an "Out of Time Notice of Appeal" on behalf of Godlock. In that notice of
appeal,  counsel  states  that  Godlock  requested  and  was  appointed  counsel  for  appeal  on  or
about June 5, but appointed counsel was not notified by the trial court of the appointment until
August 13.


l minutes of chatting, Cook moved the conversation to sexual matters. He asked
Kacy, "so, how personal may I get?" Eventually, Cook began an online conversation in which he
described in graphic detail the sexual acts he would like to do with Kacy. Ultimately, Cook asked
Kacy, "would you want to get together?" Kacy answered, "r u 4 real?" and expressed concern that
she would get in trouble. In the same conversation, Cook asked if Kacy would like to see his sexual
organ. Kacy answered, "I have never done it with ne one." Cook sent Kacy an image of his sexual
organ. In subsequent conversations online, Cook set up a meeting with Kacy where they could
"make love." Kacy said they could meet at the corner of the school, which she reminded him was
"pine tree jr high." During these conversations, Cook described in graphic terms how he would have
sexual relations with Kacy, who responded with "it will b my first." In a conversation finalizing
plans for their meeting, Kacy stated, "r u sure it wont bug u that im 13?" Cook answered by saying
that it would be better if she were older, but he knew she wanted to do it and an older man should
do it so it would not hurt. Kacy also stated to Cook, "remember I cant get pg." Cook responded, "I
know, won't happen, i would get in big trouble, prison for a long time." Kacy then asked why, and
Cook said, "you are under 16 . . . that is against the law." Eventually, Cook and Kacy agreed to meet
at a place Kacy represented to be where she lived. Cook told her that because his truck had broken
down, he would go to her apartment on his bicycle.

 On the morning of February 1, 2006, at about 9:00 a.m., Cook arrived by bicycle at what he
believed was where Kacy lived. When he knocked on the door, he was placed under arrest. He had
in his possession a pair of underwear, various toiletries, a camera, a pocketknife, a "bear candle," a
box of condoms, and lubricating jelly.

 We first consider Cook's contentions that the evidence is legally and factually insufficient
to support the conviction. Cook challenges the legal sufficiency under both the Texas and the
Federal standards, and the factual sufficiency under the Texas standard. In reviewing the legal
sufficiency of the evidence under both the state and Federal standards, we view all the evidence in
the light most favorable to the verdict, and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 319 (1979); King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The evidence is
factually insufficient when, although it is legally sufficient, it is so weak that the verdict appears to
be clearly wrong or manifestly unjust, or the verdict is against the great weight and preponderance
of the evidence. Castillo v. State, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007); Watson v. State,
204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

 Cook's attack on the sufficiency of the evidence focuses not on a failure of the State to prove
his acts in planning and preparing to have the sexual liaison with Kacy, but rather on the failure of
the State to prove what Cook alleges are two fundamental facts necessary for a conviction, namely,
that there was an actual child involved in the offense, and that Cook intended to have sexual relations
with a child he believed was under the age of fourteen. We reject this contention for the following
reasons.

 First, Cook was indicted for and convicted of attempted aggravated sexual assault of a child. 
See Tex. Penal Code Ann. § 15.01 (Vernon 2003). Section 15.01 is a general attempt statute in
which the constituent elements of the attempt offense are uniform regardless of the elements of the
crime actually attempted. Torres v. State, 618 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1981). 
Thus, all the State was required to allege and prove in this case was that Cook had the intent to
commit aggravated sexual assault of a child, did an act amounting to more than mere preparation,
that tended but failed to effect the actual commission of the offense intended. See Tex. Penal Code
Ann. §§ 15.01, 22.021 (Vernon Supp. 2007). It was unnecessary that there be an actual child under
fourteen involved in the offense, so long as Cook believed there was. See Tex. Penal Code Ann.
§§ 15.01, 22.021. Even though the minor Kacy did not exist, Cook took every step he could have
taken to commit the offense of aggravated sexual assault of a child. Had there been an actual
thirteen-year-old girl, then what Cook intended to do would constitute a crime. Cook's goal was to
commit the offense of aggravated sexual assault of a child, and he made every preparation to do so. 
Because aggravated sexual assault of a child is a crime, Cook's attempt to commit it was a crime. 
Tex. Penal Code Ann. § 15.01; Chen v. State, 42 S.W.3d 926, 930 (Tex. Crim. App. 2001); United
States v. Farner, 251 F.3d 510, 512 (5th Cir. 2001); Smith v. State, Nos. 03-05-00399-CR & 03-05-00400-CR, 2006 Tex. App. LEXIS (Tex. App.--Austin Mar. 16, 2006, pets. ref'd [2 pets.]) (mem.
op., not designated for publication).

 Second, there is ample and sufficient evidence that Cook knew Kacy represented her age to
be thirteen and that he believed she was under age. The chat logs introduced in evidence, which
were authenticated and confirmed by witness testimony, show that on multiple occasions, Kacy
indicated she was thirteen. Additionally, Cook personally acknowledged in the chats on at least two
occasions that Kacy was thirteen. Also, Kacy told Cook that she attended junior high school, and
Cook told Kacy if they had the sexual encounter and it became known, he would go to prison for a
long time because she was "under 16."

 Cook testified he never saw the online statements that Kacy was thirteen, but instead, what
he saw was "18." He also testified that the online admissions showing that he knew Kacy
represented her age to be thirteen were not made by him, but must have been made by someone else
on his computer. Despite these denials, there is legally and factually sufficient evidence to justify
the jury in choosing to disbelieve Cook's assertions in this regard.

 Cook next argues that his rights to notice and due process were violated because the
indictment did not allege and the proof did not show a specific person as the child mentioned in the
indictment. This argument is without merit. First, the indictment alleged all the essential elements
of attempted aggravated sexual assault of a child. It was not necessary to allege all of the elements
of the intended crime; only the elements of the attempt. Young v. State, 675 S.W.2d 770, 771 (Tex.
Crim. App. 1984). Second, if Cook believed the indictment did not afford him sufficient notice of
the intended victim's identity, he was required to object to the form or substance of the indictment
before trial, or waive his right to complain of that defect either at trial or on appeal. See Tex. Code
Crim. Proc. Ann. art. 1.14(b) (Vernon 2005); State v. Oliver, 808 S.W.2d 492, 493-94 (Tex. Crim.
App. 1991). Having failed to object to the indictment as to this alleged defect, Cook has waived his
complaint. See Studer v. State, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990). Concerning the
failure to identify a specific child, we have already shown that such is not necessary for a conviction
of criminal attempt. Chen v. State, 42 S.W.3d at 930.

 Cook next asserts that the indictment erroneously blended two offenses. He argues that the
indictment, in addition to alleging attempted aggravated sexual assault of a child, also included
elements of the offense of online solicitation of a minor. See Tex. Penal Code Ann. § 33.021
(Vernon Supp. 2007). It is this "blending" of two offenses that Cook argues is erroneous. We
respectfully reject this argument. The indictment here alleges all of the essential elements of the
offense of attempted aggravated sexual assault of a child. The inclusion of allegations relating to
online solicitation of a minor is mere surplusage and do not invalidate the indictment. If the
inclusion of the solicitation allegations produced any confusion for Cook in preparing to defend the
charge against him, he should have made a pretrial motion to quash or other objection. He did not,
so he has waived any complaint in that regard.

 We next consider the contention that Section 33.021 of the Texas Penal Code is overbroad
and vague and therefore violates the free speech guarantees of the United States Constitution and the
Texas Constitution. See U.S. Const. amend. I; Tex. Const. art. I, § 8. We overrule this contention. 
Cook has no standing to complain of the unconstitutionality of Section 33.021. He was convicted
of attempted aggravated sexual assault of a child, not online solicitation of a minor, so he has not
been harmed by any possible constitutional infirmity of the online solicitation of a minor statute.

 Cook also complains of the trial court's charge to the jury in this case, which he asserts
contains elements of two different offenses. Cook did not object to the charge at the time of trial,
so in order to secure a reversal because of any defect in the charge, he must show that the charge as
given caused him egregious harm. See Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984) (op. on reh'g). The charge here was not egregiously harmful. It tracked the allegations of the
indictment. That is generally sufficient. Garcia v. State, 699 S.W.2d 589, 594 (Tex. App.--Houston
[14th Dist.] 1985, pet. ref'd). The charge did contain some elements that were not required for the
offense for which Cook was indicted, but that surplusage only possibly added to the State's burden. 
It did not harm Cook.

 The final contention is that the sentence violates the Constitutional protections against cruel
and unusual punishment. The basis for this argument is that the two felony convictions used to
enhance the punishment were rendered in courts in the State of Illinois. Cook argues that Section
12.42(c)(2)(B)(v) of the Texas Penal Code requires that when out-of-state convictions are relied on
in a Texas criminal trial to enhance the punishment, it is incumbent on the prosecution to prove that
the out-of-state convictions are for offenses substantially similar to offenses that would be felonies
in Texas. Tex. Penal Code Ann. § 12.42(c)(2)(B)(v) (Vernon Supp. 2007); Ex parte White, 211
S.W.3d 316, 318 (Tex. Crim. App. 2007). Reliance on this section of the Texas Penal Code is
misplaced. That provision applies to persons convicted as habitual sexual offenders. The
punishment in this case was enhanced under Section 12.42(d) of the Texas Penal Code. See Tex.
Penal Code Ann. § 12.42(d) (Vernon Supp. 2007). The "substantially similar" requirement is not
applicable to enhancements under Section 12.42(d).

 In addition, a plea of "true" by a defendant to an enhancement paragraph is sufficient to
satisfy the State's burden of proof as to the convictions alleged for enhancement purposes.  Simmons
v. State, 493 S.W.2d 937 (Tex. Crim. App. 1973). In this case, Cook pleaded true to the
enhancement paragraphs, and the State offered evidence in the form of a stipulation signed by Cook
and his attorney. In that stipulation, Cook admitted that he had previously been convicted of two
felonies of the third degree. Also, the trial court admonished Cook about the stipulation and the plea
of true. During that admonishment, Cook was advised that if he entered a plea of true to the
enhancement paragraphs, his punishment could be enhanced from two to twenty years "way up" to
from two to ninety-nine years or life. Cook responded that he understood that and it was what he
wanted to do. In view of Cook's plea of true to the enhancement paragraphs, as well as his
stipulation and testimony and failure to object, he has waived any complaint as to the nature and
authenticity of the out-of-state convictions to enhance his punishment.

 For all the reasons stated heretofore, we affirm the judgment of the trial court.

 


 William J. Cornelius

 Justice*


*Chief Justice, Retired, Sitting by Assignment



Date Submitted: March 25, 2008

Date Decided: June 6, 2008


Publish