

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00051-CR

_____


JOE ALAN COOK, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34,281-B



Before Morriss, C.J., Carter and Cornelius,* JJ.
Opinion by Justice Cornelius


_____

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

OPINION

A jury convicted Joe Alan Cook of attempted aggravated sexual assault of a child. His punishment, enhanced by two prior felony convictions, was set by the jury at ninety-five years' confinement.

On appeal, Cook assigns eight points of error in which he generally contends: the evidence is legally insufficient under State and Federal standards and is factually insufficient under the State standards; the failure to identify in the indictment and at trial a specific person who was the intended victim of the aggravated sexual assault violated Cook's due-process rights; Cook was convicted of an offense that does not exist; the Texas statute criminalizing online solicitation of a minor is unconstitutional; the trial court's charge in this case was fundamentally erroneous because it combined elements of two different offenses; and Cook's punishment is unconstitutional because the State failed to prove that the prior convictions from Illinois used for enhancement were substantially similar to Texas felony offenses. For the reasons hereafter stated, we overrule all these contentions and affirm the judgment.

The evidence at trial revealed that, on January 23, 2006, Cook, using the user name, "joe_cook_2006," entered an internet chat room titled "Romance Texas." He initiated an online conversation with "Kacy" who had entered the chat room. Cook began the conversation by stating, "Hi, I am Joe in Longview. how are you?" Kacy responded, "im fine. 13f." Cook asked, "13?" Kacy answered, "yeah. thatz all. still wanna chat?" Cook replied, "wow. do you attend Pine Tree

2

then?" Kacy stated, "yup. u knew," and Cook replied, "from your name, yes." Unknown to Cook, "Kacy" who was chatting with him, was actually Sergeant Michelle Stern, an investigator with the Texas Attorney General's Office who was investigating child exploitation crimes over the internet. The online profile of Kacy that Stern set up represented that Kacy lived in Longview and was a single female whose interests were "music and friends."

After several minutes of chatting, Cook moved the conversation to sexual matters. He asked Kacy, "so, how personal may I get?" Eventually, Cook began an online conversation in which he described in graphic detail the sexual acts he would like to do with Kacy. Ultimately, Cook asked Kacy, "would you want to get together?" Kacy answered, "r u 4 real?" and expressed concern that she would get in trouble. In the same conversation, Cook asked if Kacy would like to see his sexual organ. Kacy answered, "I have never done it with ne one." Cook sent Kacy an image of his sexual organ. In subsequent conversations online, Cook set up a meeting with Kacy where they could "make love." Kacy said they could meet at the corner of the school, which she reminded him was "pine tree jr high." During these conversations, Cook described in graphic terms how he would have sexual relations with Kacy, who responded with "it will b my first." In a conversation finalizing plans for their meeting, Kacy stated, "r u sure it wont bug u that im 13?" Cook answered by saying that it would be better if she were older, but he knew she wanted to do it and an older man should do it so it would not hurt. Kacy also stated to Cook, "remember I cant get pg." Cook responded, "I know, won't happen, i would get in big trouble, prison for a long time." Kacy then asked why, and

3

Cook said, "you are under 16 . . . that is against the law." Eventually, Cook and Kacy agreed to meet at a place Kacy represented to be where she lived. Cook told her that because his truck had broken down, he would go to her apartment on his bicycle.

On the morning of February 1, 2006, at about 9:00 a.m., Cook arrived by bicycle at what he believed was where Kacy lived. When he knocked on the door, he was placed under arrest. He had in his possession a pair of underwear, various toiletries, a camera, a pocketknife, a "bear candle," a box of condoms, and lubricating jelly.

We first consider Cook's contentions that the evidence is legally and factually insufficient to support the conviction. Cook challenges the legal sufficiency under both the Texas and the Federal standards, and the factual sufficiency under the Texas standard. In reviewing the legal sufficiency of the evidence under both the state and Federal standards, we view all the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The evidence is factually insufficient when, although it is legally sufficient, it is so weak that the verdict appears to be clearly wrong or manifestly unjust, or the verdict is against the great weight and preponderance of the evidence. *Castillo v. State*, 221 S.W.3d 689, 693 (Tex. Crim. App. 2007); *Watson v. State*, 204 S.W.3d 404, 414–15 (Tex. Crim. App. 2006).

Cook's attack on the sufficiency of the evidence focuses not on a failure of the State to prove his acts in planning and preparing to have the sexual liaison with Kacy, but rather on the failure of the State to prove what Cook alleges are two fundamental facts necessary for a conviction, namely, that there was an actual child involved in the offense, and that Cook intended to have sexual relations with a child he believed was under the age of fourteen. We reject this contention for the following reasons.

First, Cook was indicted for and convicted of attempted aggravated sexual assault of a child. *See* TEX. PENAL CODE ANN. § 15.01 (Vernon 2003). Section 15.01 is a general attempt statute in which the constituent elements of the attempt offense are uniform regardless of the elements of the crime actually attempted. *Torres v. State*, 618 S.W.2d 549, 550 (Tex. Crim. App. [Panel Op.] 1981). Thus, all the State was required to allege and prove in this case was that Cook had the intent to commit aggravated sexual assault of a child, did an act amounting to more than mere preparation, that tended but failed to effect the actual commission of the offense intended. *See* TEX. PENAL CODE ANN. §§ 15.01, 22.021 (Vernon Supp. 2007). It was unnecessary that there be an actual child under fourteen involved in the offense, so long as Cook believed there was. *See* TEX. PENAL CODE ANN. §§ 15.01, 22.021. Even though the minor Kacy did not exist, Cook took every step he could have taken to commit the offense of aggravated sexual assault of a child. Had there been an actual thirteen-year-old girl, then what Cook intended to do would constitute a crime. Cook's goal was to commit the offense of aggravated sexual assault of a child, and he made every preparation to do so.

5

Because aggravated sexual assault of a child is a crime, Cook's attempt to commit it was a crime. TEX. PENAL CODE ANN. § 15.01; *Chen v. State*, 42 S.W.3d 926, 930 (Tex. Crim. App. 2001); *United States v. Farner*, 251 F.3d 510, 512 (5th Cir. 2001); *Smith v. State*, Nos. 03-05-00399-CR & 03-05-00400-CR, 2006 Tex. App. LEXIS (Tex. App.—Austin Mar. 16, 2006, pets. ref'd [2 pets.]) (mem. op., not designated for publication).

Second, there is ample and sufficient evidence that Cook knew Kacy represented her age to be thirteen and that he believed she was under age. The chat logs introduced in evidence, which were authenticated and confirmed by witness testimony, show that on multiple occasions, Kacy indicated she was thirteen. Additionally, Cook personally acknowledged in the chats on at least two occasions that Kacy was thirteen. Also, Kacy told Cook that she attended junior high school, and Cook told Kacy if they had the sexual encounter and it became known, he would go to prison for a long time because she was "under 16."

Cook testified he never saw the online statements that Kacy was thirteen, but instead, what he saw was "18." He also testified that the online admissions showing that he knew Kacy represented her age to be thirteen were not made by him, but must have been made by someone else on his computer. Despite these denials, there is legally and factually sufficient evidence to justify the jury in choosing to disbelieve Cook's assertions in this regard.

Cook next argues that his rights to notice and due process were violated because the indictment did not allege and the proof did not show a specific person as the child mentioned in the

6

indictment. This argument is without merit. First, the indictment alleged all the essential elements of attempted aggravated sexual assault of a child. It was not necessary to allege all of the elements of the intended crime; only the elements of the attempt. *Young v. State*, 675 S.W.2d 770, 771 (Tex. Crim. App. 1984). Second, if Cook believed the indictment did not afford him sufficient notice of the intended victim's identity, he was required to object to the form or substance of the indictment before trial, or waive his right to complain of that defect either at trial or on appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005); *State v. Oliver*, 808 S.W.2d 492, 493–94 (Tex. Crim. App. 1991). Having failed to object to the indictment as to this alleged defect, Cook has waived his complaint. *See Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990). Concerning the failure to identify a specific child, we have already shown that such is not necessary for a conviction of criminal attempt. *Chen v. State*, 42 S.W.3d at 930.

Cook next asserts that the indictment erroneously blended two offenses. He argues that the indictment, in addition to alleging attempted aggravated sexual assault of a child, also included elements of the offense of online solicitation of a minor. *See* TEX. PENAL CODE ANN. § 33.021 (Vernon Supp. 2007). It is this "blending" of two offenses that Cook argues is erroneous. We respectfully reject this argument. The indictment here alleges all of the essential elements of the offense of attempted aggravated sexual assault of a child. The inclusion of allegations relating to online solicitation of a minor is mere surplusage and do not invalidate the indictment. If the inclusion of the solicitation allegations produced any confusion for Cook in preparing to defend the

charge against him, he should have made a pretrial motion to quash or other objection. He did not, so he has waived any complaint in that regard.

We next consider the contention that Section 33.021 of the Texas Penal Code is overbroad and vague and therefore violates the free speech guarantees of the United States Constitution and the Texas Constitution. *See* U.S. CONST. amend. I; TEX. CONST. art. I, § 8. We overrule this contention. Cook has no standing to complain of the unconstitutionality of Section 33.021. He was convicted of attempted aggravated sexual assault of a child, not online solicitation of a minor, so he has not been harmed by any possible constitutional infirmity of the online solicitation of a minor statute.

Cook also complains of the trial court's charge to the jury in this case, which he asserts contains elements of two different offenses. Cook did not object to the charge at the time of trial, so in order to secure a reversal because of any defect in the charge, he must show that the charge as given caused him egregious harm. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). The charge here was not egregiously harmful. It tracked the allegations of the indictment. That is generally sufficient. *Garcia v. State*, 699 S.W.2d 589, 594 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). The charge did contain some elements that were not required for the offense for which Cook was indicted, but that surplusage only possibly added to the State's burden. It did not harm Cook.

The final contention is that the sentence violates the Constitutional protections against cruel and unusual punishment. The basis for this argument is that the two felony convictions used to

enhance the punishment were rendered in courts in the State of Illinois. Cook argues that Section 12.42(c)(2)(B)(v) of the Texas Penal Code requires that when out-of-state convictions are relied on in a Texas criminal trial to enhance the punishment, it is incumbent on the prosecution to prove that the out-of-state convictions are for offenses substantially similar to offenses that would be felonies in Texas. TEX. PENAL CODE ANN. § 12.42(c)(2)(B)(v) (Vernon Supp. 2007); *Ex parte White*, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007). Reliance on this section of the Texas Penal Code is misplaced. That provision applies to persons convicted as habitual sexual offenders. The punishment in this case was enhanced under Section 12.42(d) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2007). The "substantially similar" requirement is not applicable to enhancements under Section 12.42(d).

In addition, a plea of "true" by a defendant to an enhancement paragraph is sufficient to satisfy the State's burden of proof as to the convictions alleged for enhancement purposes. *Simmons v. State*, 493 S.W.2d 937 (Tex. Crim. App. 1973). In this case, Cook pleaded true to the enhancement paragraphs, and the State offered evidence in the form of a stipulation signed by Cook and his attorney. In that stipulation, Cook admitted that he had previously been convicted of two felonies of the third degree. Also, the trial court admonished Cook about the stipulation and the plea of true. During that admonishment, Cook was advised that if he entered a plea of true to the enhancement paragraphs, his punishment could be enhanced from two to twenty years "way up" to from two to ninety-nine years or life. Cook responded that he understood that and it was what he

9

wanted to do. In view of Cook's plea of true to the enhancement paragraphs, as well as his stipulation and testimony and failure to object, he has waived any complaint as to the nature and authenticity of the out-of-state convictions to enhance his punishment.

For all the reasons stated heretofore, we affirm the judgment of the trial court.


William J. Cornelius
Justice*

*Chief Justice, Retired, Sitting by Assignment


Date Submitted:      March 25, 2008
Date Decided:        June 6, 2008

Publish

10