Opinion issued October 9, 2008 















In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00894-CR

__________


THOMAS FIFER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1117100






MEMORANDUM OPINION

 A jury found appellant, Thomas Fifer, guilty of the offense of aggravated
assault. (1) After finding true the allegation in an enhancement paragraph that appellant
had a prior felony conviction, the jury assessed his punishment at confinement for
thirty years. In his sole point of error, appellant contends that "[t]he trial court denied
[him] his constitutional right to a unanimous verdict," asserting that (1) the
underlying indictment charged him with the commission of more than one offense in
violation of article 21.24 of the Texas Code of Criminal Procedure (2) and (2) the trial
court's charge to the jury "mix[es] [two] separate offenses into a single general
verdict submission." 

 We modify the trial court's judgment and affirm as modified. Procedural Background (3) A Harris County Grand Jury issued a true bill of indictment, accusing appellant
of committing the offense of "AGGRAVATED ASSAULT-FM." The indictment
alleged that appellant "on or about August 10, 2005, did then and there, unlawfully,
intentionally, and knowingly cause bodily injury to Monique Brightman, a member
of the Defendant's household, by using a deadly weapon, namely a belt." Brightman,
the complainant, was appellant's wife. 

 In the charge to the jury in the guilt phase of trial, the trial court stated that
appellant was charged by indictment with "the offense of aggravated assault of a
family member." The trial court instructed the jury that,

 A person commits the offense of assault if the person intentionally
or knowingly causes bodily injury to another, including the person's
spouse.


 A person commits an offense of aggravated assault if the person
commits assault, as hereinabove defined, and the person:


 (1) causes serious bodily injury to another; or


 (2) uses or exhibits a deadly weapon during the
commission of the assault.


In the application paragraph of its charge, the trial court instructed the jury as follows:

 Now, if you find from the evidence beyond a reasonable doubt
that on or about the 10th day of August, 2005, in Harris County, Texas,
[appellant] did then and there unlawfully, intentionally or knowingly
cause serious bodily injury to [the complainant], a member of the
defendant's family, by using a deadly weapon, namely, a belt, then you
will find the defendant guilty of aggravated assault of a family member,
as charged in the indictment.


The jury found appellant "guilty of aggravated assault of a family member." The trial court, in its punishment charge to the jury, set forth a single
enhancement paragraph and instructed the jury that if it found the enhancement
allegation to be true, the punishment range to be applied to appellant was confinement
for five to ninety-nine years or life and a fine not to exceed $10,000, which is the
punishment range applicable to a first-degree felony. See Tex. Penal Code Ann. §
12.32 (Vernon 2003). Thus, the jury charge correctly provided, in accordance with
the applicable former section 22.02, that appellant would be subject to the punishment
range of a first-degree felony only upon a finding of true to the enhancement
allegation. (4) See Act of May 28, 2003, 78th Leg., R.S., ch. 1019, § 3, 2003 Tex. Gen.
Laws 2963, 2963 (amended 2005) (current version at Tex. Penal Code Ann. §
22.02) (referred to hereinafter as "former section 22.02"). The trial court further
instructed the jury that if it found the enhancement paragraph to be not true, the
punishment range to be applied to appellant was confinement for two to twenty years
and a fine not to exceed $10,000, which is the punishment range applicable to a
second-degree felony. See id. § 12.33 (Vernon 2003). Thus, the jury charge correctly
provided, in accordance with the applicable former section 22.02, that appellant
would be subject to the punishment range of a second-degree felony upon a finding
of not true to the enhancement allegation. See Act of May 28, 2003, 78th Leg., R.S.,
ch. 1019, § 3, 2003 Tex. Gen. Laws 2963, 2963 (amended 2005). 

 In its judgment, the trial court stated that appellant was convicted of
"aggravated assault-family member-serious bodily injury," a "first-degree felony,"
and recited the "findings of a deadly weapon" as "yes, not a firearm." Finally, the
judgment also reflects the jury's "true" finding to the enhancement allegation and
appellant's sentence of confinement for thirty years. 

 The parties agree that appellant could have been charged only under section
22.02(a) of the Penal Code, which provides that 

(a) A person commits an offense if the person commits assault as
defined in [section] 22.01 and the person:


 (1) causes serious bodily injury to another, including the
person's spouse; or


 (2) uses or exhibits a deadly weapon during the
commission of the assault.

 Tex. Penal Code Ann. § 22.02(a). 

Analysis

 Appellant first argues that the indictment violated article 21.24 of the Texas
Code of Criminal Procedure because it charged more than one offense. Tex. Code
Crim. Proc. Ann. art 21.24(b) (Vernon 1989). Although appellant asserts that the
indictment "tracks the language" of the current version of section 22.02(b)(1) rather
than section 22.02(a), appellant does not contend that the indictment is void for that
reason. Appellant argues that the indictment improperly alleged that he committed
"the two different second-degree felony aggravated assaults" set forth in section
22.02, i.e., the "deadly-weapon" aggravated assault under section 22.02(a)(1) and the
"serious-bodily injury" aggravated assault under section 22.02(a)(2). Tex. Penal
Code Ann. § 22.02. Appellant further argues that, under the indictment, it is
"unclear" as to the offense for which he was tried. 

 Article 21.24(b) provides that "[a] count may contain as many separate
paragraphs charging the same offense as necessary, but no paragraph may charge
more than one offense." Tex. Code Crim. Proc. Ann. art 21.24(b). Here, the
indictment, which charged appellant with "unlawfully, intentionally, and knowingly
caus[ing] bodily injury to [the complainant], a member of [appellant's] household, by
using a deadly weapon, namely a belt," alleged the commission of only one offense. 
The indictment charged appellant with causing serious bodily injury by using a
deadly weapon; it did not use the terms "serious bodily injury" and "deadly weapon"
disjunctively. Based on the evidence, the grand jury could have charged appellant
with aggravated assault based solely upon the allegation that he caused the
complainant serious bodily injury in the course of the assault, without any reference
to the deadly-weapon allegation. Because these allegations were not made
disjunctively, the inclusion of the deadly-weapon language neither rendered the
indictment void, nor otherwise improperly alleged the commission of two offenses. 
See Cook v. State, 256 S.W.3d 846, 850 (Tex. App.--Texarkana 2008, no pet.)
(rejecting argument that indictment "erroneously blended two offenses" because
indictment "alleg[ed] all of the essential elements" of charged offense; holding that
"inclusion of allegations relating" to additional offense was "mere surplusage" and
did "not invalidate the indictment"). Similarly, the indictment's inclusion of the
"household" language, which appellant suggests may have been taken from the
current version of section 22.02(b)(1), did not invalidate the indictment or result in
the grand jury charging appellant with two offenses. (5) See id. Accordingly, we hold
that the indictment's inclusion of the deadly-weapon and household language did not
result in the indictment alleging two separate offenses and that the inclusion of this
additional language did not void the indictment. (6)

 Appellant next argues that "[t]he trial court denied [him] his constitutional right
to a unanimous verdict" because the jury charge, like the indictment, improperly
referred to two separate offenses. Specifically, appellant asserts that "the State is not
entitled to mix separate offenses into a single general verdict submission because it
violates a defendant's constitutional right to a unanimous verdict." In support of his
assertion, appellant cites article V, section 13 of the Texas Constitution, (7) Martinez v.
State, 225 S.W.3d 550, 555 (Tex. Crim. App. 2007), Ngo v. State, 175 S.W.3d 738,
745 (Tex. Crim. App. 2005), and Francis v. State, 36 S.W.3d 121, 123-24 (Tex.
Crim. App. 2000).

 Appellant's argument regarding the charge, like his argument regarding the
indictment, does not take into account the language used in those respective
instruments. In its charge to the jury, the trial court specifically authorized the jury
to find appellant guilty only if it found that appellant had "cause[d] serious bodily
injury . . . by using a deadly weapon, namely, a belt." (Emphasis added). The plain
language of the charge does not support appellant's argument that "[p]art of the jury
could have believed one type of aggravated assault [i.e., assault that caused serious-bodily injury] took place [and] the remaining members of the jury could have
believed the other type of aggravated assault [assault with a deadly-weapon] took
place." Here, in order to find appellant guilty, the jury had to find that appellant
caused serious bodily injury by actually using a deadly weapon; it could not have
found simply that appellant used a deadly weapon in the course of an assault. Although appellant complains that the definition portion of the charge set out
that a person commits aggravated assault under the circumstances set forth in both
section 22.02(a)(1) and (a)(2), the application paragraph of the jury charge required
jurors to find that appellant caused serious bodily injury by using a deadly weapon. 
Because the charge did not permit jurors to convict appellant under either 22.02(a)(1)
or 22.02(a)(2), the authorities cited by appellant are inapplicable. See Ngo, 175
S.W.3d at 748 (stating that two separate acts that were charged in disjunctive in single
application paragraph permitted jury to return "non-unanimous verdict"); Francis, 36
S.W.3d at 124 (holding that jury charge that allowed for non-unanimous verdict
concerning what specific criminal act defendant committed was error). Accordingly,
we hold that the jury charge did not deny appellant "his constitutional right to a
unanimous verdict." (8)
 

 We overrule appellant's sole issue.

 Finally, the State requests that we modify the judgment to more clearly reflect
that appellant was convicted of the second-degree felony of aggravated assault by
causing serious bodily injury, as defined by section 22.02(a)(1), and that appellant's
conviction was enhanced by the jury's finding that appellant had a prior felony
conviction. The judgment signed by the trial court states that appellant was convicted
of "aggravated assault-family member-serious bodily injury." 

 We agree that the trial court's judgment should be clarified in regard to the
specific offense of which appellant was convicted. This Court has the authority to
modify an incorrect judgment when it has the information and evidence necessary to
do so. See Tex. R. App. P. 43.2(b); Norman v. State, 642 S.W.2d 251, 253 (Tex.
App.--Houston [14th Dist.] 1982, no pet.). Because we have the necessary
information, we modify the trial court's judgment and sentence to indicate that
appellant was convicted of aggravated assault by causing serious bodily injury under
section 22.02(a)(1) and that such an offense is a second-degree felony, which was
enhanced by appellant's prior felony conviction. (9) 

Conclusion

 We modify the judgment of the trial court to indicate that appellant was
convicted of aggravated assault by causing serious bodily injury under section
22.02(a)(1) and that such an offense is a second degree felony, which was enhanced
by appellant's prior felony conviction. We affirm as modified.


 

 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.


Do not publish. See Tex. R. App. P. 47.2(b).

1. See Tex. Penal Code Ann. § 22.02 (Vernon Supp. 2008). The indictment and jury
charge actually referred to appellant's offense as "aggravated assault of a family
member." The label "aggravated assault of a family member" appears to arise from
the current version of section 22.02(b)(1), which all parties agree could not have
applied to appellant. See id. § 22.02(b)(1) (emphasis added) (providing that "[a]n
offense under this section is a felony of the second degree, except that the offense is
a felony of the first degree if: (1) the actor uses a deadly weapon during the
commission of the assault and causes serious bodily injury to a person whose
relationship to or association with the defendant is described by Section 71.0021(b),
71.003, or 71.005, Family Code; . . . "); see also Tex. Fam. Code Ann. § 71.003
(Vernon 2002) (defining term "family"), § 71.005 (defining term "household"). The
former version of section 22.02 that applied to appellant did not include any provision
similar to current section 22.02(b) that elevates the degree of an aggravated-assaultoffense committed against a family member. See Act of May 28, 2003, 78th
Leg., R.S., ch. 1019, § 3, 2003 Tex. Gen. Laws 2963, 2963 (amended 2005) (current
version at Tex. Penal Code Ann. § 22.02) (referred to hereinafter as "former section
22.02"). However, despite the reference to "aggravated assault of a family member,"
the indictment and charge set forth the necessary elements of aggravated assault
prescribed by section 22.02(a) under which appellant was charged and convicted. See
Tex. Penal Code Ann. § 22.02. Moreover, the charge, as explained in more detail
below, properly set forth the punishment ranges applicable to appellant as prescribed
under former section 22.02 without the elevating provision of section 22.02(b)(1).
2. See Tex. Code Crim. Proc. Ann. art 21.24(b) (Vernon 1989). 
3. Appellant does not challenge the legal or factual sufficiency of the evidence. Thus,
we do not provide an in-depth discussion of the evidence presented at trial.
4. Again, all parties agree that the aggravated-assault offense of which appellant was
convicted could not have been elevated from a second-degree felony to a first-degree
felony under the current version of section 22.02(b)(1). Although the trial court
referred to "aggravated assault of a family member" in its charge, a label that appears
to arise from the current version of section 22.02(b)(1), the trial court did not apply
the substantive provisions of the current version of section 22.02(b)(1) that would
have automatically elevated the degree of appellant's offense. 
5. We note that if the inclusion of the deadly weapon and household language "produced
any confusion" for appellant, he could have made a pretrial motion to quash or other
objection to the indictment. See Cook v. State, 256 S.W.3d 846, 850 (Tex.
App.--Texarkana 2008, no pet.). Appellant does not complain on appeal that the trial
court erred in overruling any motion to quash or objection to the indictment. Id.
6. Again, we note that appellant does not contend that the evidence is legally or factually
insufficient to support his conviction for aggravated assault and, thus, is not
challenging the sufficiency of the evidence to support the jury's findings that he
caused the complainant serious bodily injury by using a deadly weapon. We also note
that appellant does not argue that the State abandoned any of the language contained
in the indictment at trial.
7. Article V, section 13, provides,


 Grand and petit juries in the District Courts shall be composed of
twelve persons, except that petit juries in a criminal case below the
grade of felony shall be composed of six persons; but nine members of
a grand jury shall be a quorum to transact business and present bills. In
trials of civil cases in the District Courts, nine members of the jury,
concurring, may render a verdict, but when the verdict shall be rendered
by less than the whole number, it shall be signed by every member of
the jury concurring in it. When, pending the trial of any case, one or
more jurors not exceeding three, may die, or be disabled from sitting,
the remainder of the jury shall have the power to render the verdict;
provided, that the Legislature may change or modify the rule
authorizing less than the whole number of the jury to render a verdict.


 Tex. Const. art. V, § 13.
8. Martinez v. State is also inapplicable because in that case the State sought "to mix
what were really separate offenses into a single general-verdict submission." 225
S.W.3d 550, 555 (Tex. Crim. App. 2007). The Court of Criminal Appeals in Martinez
concluded that allowing the State to mix separate offenses into a single
general-verdict submission "would violate the defendant's constitutional right to a
unanimous verdict." Id. The court stated, "When confronted with a single count that
contains multiple allegations that are really separate offenses, the trial judge should
protect the rights of both parties by submitting the separate allegations to the jury, but
in such a way as to ensure that each allegation is decided unanimously. Perhaps the
simplest way to do that is to submit separate verdict forms, as was done in the present
case." Id. Here, we have concluded that both the indictment and charge, which were
not phrased disjunctively, referenced only one offense. 

9. We again note that the trial court's judgment correctly sentenced appellant within the
range applicable to a second-degree felony enhanced by a prior felony conviction.