

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00147-CR
_____

DEON RAY RICKS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court #6
Dallas County, Texas
Trial Court No. F-0752541-X

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Linden Hawkins owed Deon Ray Ricks money for drugs purchased from Ricks on credit. In that situation, Hawkins made the rather short-sighted decision to steal some guns from Ricks, pawn them, and use the money to satisfy the debt. Hawkins apparently paid for that decision with his life.

A Dallas County[1] jury found Ricks guilty of murdering Hawkins[2] and made findings that enhanced Ricks' sentence based on two prior felonies.

We affirm the trial court's judgment because we hold that (1) the trial court did not abuse its discretion in admitting Ricks' oral statements and (2) the variance in the second enhancement paragraph is not material.

---

[1] This case was transferred to this Court from the Fifth District Court of Appeals in Dallas as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Dallas Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2] Yvonnedala Preston, Hawkins' wife, testified that Hawkins stole some guns from Ricks, intending to pawn the guns to pay Ricks. Several witnesses testified that Ricks had visited the homeless shelter where Hawkins and Preston resided looking for Hawkins before the murder. Jo Dee Barbosa, the shelter's security guard, testified Ricks had threatened to kill Hawkins. A car Ricks had borrowed from his girlfriend, Demetriese Smith, was seen leaving the scene of the murder. When Ricks returned without the car, Smith testified Ricks claimed the car was "on flat" because "[s]omebody got killed. [Ricks] took care of his business." The jury found Ricks guilty, found the enhancement paragraphs true, and assessed punishment at ninety-nine years' imprisonment.

*1.     The Trial Court Did Not Abuse Its Discretion In Admitting Ricks' Oral Statements*

Ricks argues that the trial court erred in admitting statements Ricks made during a recorded police interrogation. During the interview, Ricks admitted that he was present in the vehicle and also told the police where the vehicle could be located. Ricks denied that he was the shooter and claimed a third person, whose name Ricks did not know, was the shooter. Ricks claims the statements were inadmissible because Ricks did not expressly waive his *Miranda*[3] rights and the police obtained the statements through deception and affirmative misrepresentation. Because Ricks failed to preserve the deception-and-affirmative-misrepresentation argument,[4] we address only the express-waiver argument.

---

[3]*Miranda v. Arizona*, 384 U.S. 436 (1966); *see* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 2 (Vernon 2005).

[4]On appeal, Ricks argues the police officers were deceptive. According to Ricks, the police officers affirmatively misrepresented that they were looking for a third person and not interested in Ricks. The police officers admitted they had evidence at the time of the interview that Ricks fired the fatal shots. Although Ricks objected to the admission of the video of the interrogation, Ricks did not argue to the trial court that the police officers engaged in deception and affirmative misrepresentation. To preserve any complaint for appellate review, the record must show the complaint was timely presented to the trial court and a ruling was obtained. TEX. R. APP. P. 33.1(a); *see Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991). Further, the objection or complaint made at trial must be the same as that urged on appeal in order to preserve error for review. *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986); *Thompson v. State*, 59 S.W.3d 802, 808 (Tex. App.—Texarkana 2001, pet. ref'd); *Judd v. State*, 923 S.W.2d 135, 138 (Tex. App.—Fort Worth 1996, pet. ref'd). Because Ricks did not complain about deception or affirmative misrepresentation in the trial court, Ricks has failed to preserve this argument for appellate review.

Generally, we review the trial court's admission of evidence for an abuse of discretion. *See Montgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990). We afford almost total deference to a trial court's determination of historical facts, especially when the trial court's fact-findings are based on an evaluation of credibility and demeanor. *See Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *State v. Oliver*, 29 S.W.3d 190, 191 (Tex. App.—San Antonio 2000, pet. ref'd). Similarly, we afford great deference to the trial court's rulings on application of law to fact questions when resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *See Guzman*, 955 S.W.2d at 89. However, we review de novo mixed questions of law and fact not falling within this category. *Id.*

A waiver must be "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception" and "the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Article 38.22, Section 3, of the Texas Code of Criminal Procedure states, "No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless" it has been recorded and the recording shows the administration of certain warnings set out in Article 38.22, Section 2. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3 (Vernon 2005). There was no dispute that the oral statements were made during a recorded custodial interrogation[5] or that

---

[5]A person is in custody only if, under the circumstances, a reasonable person would believe that his or her freedom of movement was restrained to the degree associated with a formal arrest.

4

the police gave Ricks the admonishments required by Article 38.22, Section 2. The dispute in this case concerns whether Ricks waived his rights.

Ricks argues the video does not show that Ricks waived his *Miranda* rights. Although Ricks affirmatively represented he understood his rights, there was no express waiver of those rights. An express waiver, though, is not required. It is well established that Section 38.22 does not require an express waiver. *Barefield v. State*, 784 S.W.2d 38, 40–41 (Tex. Crim. App. 1989), *overruled on other grounds by Zimmerman v. State*, 860 S.W.2d 89, 94 (Tex. Crim. App. 1993) (challenges to veniremembers); *Hargrove v. State*, 162 S.W.3d 313, 318 (Tex. App.—Fort Worth 2005, pet. ref'd); *State v. Oliver*, 29 S.W.3d 190, 191 (Tex. App.—San Antonio 2000, pet. ref'd); *see Rocha v. State*, 16 S.W.3d 1, 12 (Tex. Crim. App. 2000). "A waiver of rights may be inferred from the actions and words of the person interrogated." *Hargrove*, 162 S.W.3d at 318; *see Mays v. State*, 726 S.W.2d 937, 946 (Tex. Crim. App. 1986). Our review of the video indicates that whether Ricks impliedly waived his rights is well within the zone of reasonable disagreement. Ricks affirmatively stated that he understood the rights and appears to have willingly discussed the events with the police. The trial court did not abuse its discretion in finding that Ricks impliedly waived his *Miranda* rights.

---

*Stansbury v. California*, 511 U.S. 318, 322 (1994); *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996). When determining whether a person is in custody, we examine four factors: (1) probable cause to arrest, (2) subjective intent of the police, (3) focus of the investigation, and (4) subjective belief of the defendant. *Dowthitt*, 931 S.W.2d at 254; *Yarborough v. State*, 178 S.W.3d 895, 901 (Tex. App.—Texarkana 2005, pet. ref'd).

5

*2.     The Variance In the Second Enhancement Paragraph Is Not Material*

Ricks also claims the evidence is legally insufficient to establish Ricks had been previously convicted of the offense alleged in the second enhancement paragraph. The second enhancement paragraph contained in the indictment alleged Ricks had been previously convicted of "POSSESSION OF A CONTROLLED SUBSTANCE MORE THAN 4 GRAMS, on the 9TH day of MARCH, 2000, A.D., in Cause Number F-9946335 on the docket of CRIMINAL DISTRICT COURT NO. 4, DALLAS County, Texas under the name of DEON RAY RICKS . . . ." (Emphasis added.) The evidence at trial, though, established the cause number for the offense was actually cause number F9946235. Ricks argues, because a variance exists between the indictment and the evidence at trial,[6] the evidence is legally insufficient to establish this prior conviction.

---

[6]We note, as argued by the State, that a plea of true to an enhancement is sufficient proof by itself to satisfy the State's burden. *See Wilson v. State*, 671 S.W.2d 524, 526 (Tex. Crim. App. 1984); *Cook v. State*, 256 S.W.3d 846, 851 (Tex. App.—Texarkana 2008, no pet.). When Ricks entered his pleas prior to trial on guilt/innocence, Ricks entered a plea of not true to the enhancement paragraph. After the jury found Ricks guilty, Ricks entered pleas of true to both enhancement paragraphs. However, the record in this case establishes the enhancement paragraph alleged the wrong cause number.

> Despite the general rule that a plea of true to an enhancement paragraph relieves the State of its burden to prove a prior conviction alleged for enhancement and forfeits the defendant's right to appeal the insufficiency of evidence to prove the prior conviction, there is an exception when "the record affirmatively reflects" that the enhancement is itself improper.

*Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) (footnote omitted). We will address Ricks' argument on the merits.

6

The Texas Court of Criminal Appeals held in *Malik v. State* that evidentiary sufficiency should be measured against a "hypothetically correct" jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *see Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *see also Wooley v. State*, 273 S.W.3d 260, 268 (Tex. Crim. App. 2008) (clarifying that factual sufficiency is measured by hypothetically correct jury charge). *Malik* controls "*even in the absence of alleged jury charge error.*" *Gollihar*, 46 S.W.3d at 255. The Texas Court of Criminal Appeals has noted "*Malik*'s principles apply equally to the affirmative findings necessary to sustain the imposition of an enhanced punishment" and concluded the sufficiency of the evidence of the enhancements should be measured by the hypothetically-correct jury charge for the enhancement. *Young v. State*, 14 S.W.3d 748, 750 (Tex. Crim. App. 2000) (applying hypothetically-correct jury charge to drug-free zone enhancement); *see Sims v. State*, 84 S.W.3d 768, 779 (Tex. App.—Dallas 2002, pet. ref'd).

A "hypothetically-correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik*, 953 S.W.2d at 240. The hypothetically-correct charge "need not incorporate allegations that give rise to immaterial variances." *Gollihar*, 46 S.W.3d at 256. The issue in this case is whether the incorrect cause number is a material variance.

A variance exists when there is a discrepancy between the allegations in the charging instrument and the proof at trial. *In re S.C.*, 229 S.W.3d 837, 841 (Tex. App.—Texarkana 2007, pet. denied). "The widely-accepted rule, regardless of whether viewing variance as a sufficiency of the evidence problem or as a notice-related problem, is that a variance that is not prejudicial to a defendant's 'substantial rights' is immaterial." *Hart v. State*, 173 S.W.3d 131, 144 (Tex. App.—Texarkana 2005, no pet.) (quoting *Gollihar*, 46 S.W.3d at 247–48; and referencing *Rojas v. State*, 986 S.W.2d 241, 246 (Tex. Crim. App. 1998)). Whether a defendant's "substantial rights" have been prejudiced depends on: (1) whether the indictment, as written, informed the defendant of the charge against him or her sufficiently to allow such defendant to prepare an adequate defense at trial, and (2) whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *See S.C.*, 229 S.W.3d at 841; *Brown v. State*, 159 S.W.3d 703, 709 (Tex. App.—Texarkana 2004, pet. ref'd).

We begin our analysis by noting it is not necessary to allege enhancement convictions with the same particularity which must be used in charging on the primary offense. *Freda v. State*, 704 S.W.2d 41, 42 (Tex. Crim. App. 1986); *Chavis v. State*, 177 S.W.3d 308, 312 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Unless the variance prevented the defendant from identifying the conviction and preparing a defense, Texas courts have consistently held that a variance in the cause number of a prior conviction is not a material or fatal variance. *See Human v. State*, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988) (holding variance in cause number not fatal); *Cole v. State*, 611

8

S.W.2d 79, 82 (Tex. Crim. App. [Panel Op.] 1981) (variance in cause number not fatal); *Straughter v. State*, 801 S.W.2d 607, 611 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (no fatal variance); *Barrett v. State*, 900 S.W.2d 748, 752 (Tex. App.—Tyler 1995, pet. ref'd) (no fatal variance). With the exception of the cause number, the allegations identifying the offense, date of judgment, and court are correct. There is no evidence in this record that the variance prevented Ricks from identifying the conviction and preparing a defense or the variance would subject Ricks to the risk of being prosecuted later for the same crime. The variance in the cause number is not material and, therefore, need not be included in the hypothetically-correct jury charge. Under the hypothetically-correct jury charge, the evidence is sufficient to support the jury's conclusion that the enhancement was true.

Because the trial court did not abuse its discretion in admitting the statements Ricks made during the police interrogation, and because the evidence supporting the jury's finding on the second enhancement is legally sufficient, we affirm the judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:    April 9, 2009
Date Decided:      April 15, 2009

Do Not Publish