Opinion issued June 18, 2009



 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00175-CR






CEDRIC TYRONE TRUE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1138812






MEMORANDUM OPINION

 

 A jury convicted appellant, Cedric Tyrone True, of aggravated robbery. (1) The
jury, having found the enhancement paragraph in the indictment true, sentenced
appellant to 15 years in prison. In five points of error, appellant argues that (1), (2)
the evidence presented at trial was legally and factually insufficient to sustain his
conviction; (3) his trial counsel was ineffective; (4) the trial court erred in admitting
evidence of a foreign prior conviction during the punishment phase; and (5) the trial
court erred in admitting a firearm into evidence.

 We affirm.Background

 On June 21, 2007, at approximately 7:00 p.m., appellant entered the Mobil
Sandmark gas station located at 2221 Ella Boulevard in Houston, Texas. The
complainant, Muhammed Khan, was working behind the counter of the gas station.
Appellant was a frequent customer of the gas station. Appellant asked the
complainant if he could purchase a beer. The complainant told appellant that he
needed an identification card with a picture to buy alcohol. Appellant offered the
complainant a birth certificate, and the complainant copied appellant's name, birth
date, and state of origin on a separate piece of paper. The complainant asked
appellant to present an additional form of identification with a picture. Appellant
became angry and left the gas station without any merchandise. Appellant then threw
a rock at the complainant's car, leaving a large dent in the driver's side door. 

 The complainant called the police to report the damage to his car.
Approximately 10 minutes later, appellant returned to the gas station. Appellant
walked up to the counter and lifted his shirt. Upon lifting his shirt, appellant
displayed a gun tucked into the left side of his waistband. Appellant then took one 
beer from the display in front of the counter and left the store. 

 At trial, the complainant testified that appellant's actions placed him in fear of
imminent bodily injury or death. When the State attempted to present a gun into
evidence during the complainant's direct testimony, appellant questioned the
complainant on voir dire about his personal knowledge of the gun. The complainant
testified on voir dire that he "saw the handle part" of the gun and could not determine
whether the gun was a revolver or an automatic weapon. On cross-examination, the
complainant testified that the gas station had no video surveillance equipment. The
complainant also testified that there was no other witness in the gas station at the time
of the offense.

 The State also presented testimony from Houston Police Department ("HPD")
Officer H. Jones. Officer Jones arrived at the gas station after appellant left the scene.
He obtained appellant's birth certificate information from the complainant. The
complainant told Officer Jones that appellant lived in the Skyline Apartments located
directly behind the gas station. Officer Jones drove over to the Skyline Apartments
to investigate appellant's whereabouts, but he could not find him.

 The State also presented testimony from HPD Sergeant J. Devereaux. On June
27, 2007, HPD assigned the case to Sergeant J. Devereaux. Sergeant Devereaux
assembled a photo spread containing appellant's picture in the fifth position. 
Sergeant Devereaux went to the gas station to meet with the complainant and show
him the photo spread. He gave the complainant admonishments against identifying
anyone the complainant did not recognize as the perpetrator. After reviewing the
photo spread for approximately 5 minutes, the complainant identified appellant as the
perpetrator. The complainant then initialed and dated the photo spread. After
obtaining the complainant's identification, Sergeant Devereaux sought an arrest
warrant for appellant.

 Appellant presented no testimony during the guilt/innocence phase of the trial. 
The jury convicted appellant of aggravated robbery.

 During the punishment phase of the trial, appellant stipulated to the following
evidence of prior convictions:

 On December 20, 1999, in the 314th District Court of Harris County,
Texas, in Cause Number 1999-03687J, the Defendant was found to have
engaged in delinquent conduct by committing the felony offense of
Burglary of a Habitation.


 On January 11, 2001, in the County Criminal Court at Law #8 of Harris
County, Texas, in Cause Number 1039095, the Defendant was convicted
of the misdemeanor offense of Criminal Trespass.


 On June 25, 2002, in the 17th Circuit District Court of Broward County,
Florida, in Cause Number 02-8889 the Defendant was convicted of the
Felony offense of Burglary of a Dwelling. 

 

 On June 17, 2005, in the County Criminal Court at Law #15 of Harris
County, Texas, in Cause Number 1309571 the Defendant was convicted
of the misdemeanor offense of Trespass to Property.

 

 On April 12, 2007, in the County Criminal Court at Law #1 of Harris
County, Texas, in Cause Number 1426269, the Defendant was convicted
of the misdemeanor offense of Failure to Identify to a Peace Officer.

 

 On April 12, 2007, in the County Criminal Court at Law #1 of Harris
County, Texas, in Cause Number 1446525, the Defendant was convicted
of the misdemeanor offense of Failure to Identify to a Peace Officer.

 

 On April 23, 2007, in the County Criminal Court at Law #3 of Harris
County, Texas, in Cause Number 1447800, the Defendant was convicted
of the misdemeanor offense of Failure to Identify to a Peace Officer.

 

 On April 23, 2007, in the County Criminal Court at Law #3 of Harris
County, Texas, in Cause Number 1447801, the Defendant was convicted
of the misdemeanor offense of Criminal Trespass.


The trial court gave appellant several admonishments regarding stipulating to
evidence of prior convictions and waiving his right to confront witnesses about the
prior convictions. Appellant then made the following plea:

 [State]: [reading from indictment] "Before the commission
of the offense alleged above, on June 25, 2002, in
Cause No. 02-8889, in the 17th Circuit District
Court of Broward County, Florida, the Defendant
was convicted of the Felony offense of Burglary of
a Dwelling."

 

 [Court]: [Appellant], to this enhancement paragraph, how do you
plead, true or not true?

 

 [Appellant]: True.


At the end of the punishment phase, the jury sentenced appellant to 15 years in prison. 
Appellant did not file a motion for new trial. Appellant filed his notice of appeal on
March 6, 2008.

Legal and Factual Sufficiency

 In his first and second points of error, appellant argues that the evidence
presented at trial was legally and factually insufficient to support his conviction for
aggravated robbery because the State did not prove that appellant used a "firearm"
during the offense. 

 Standard of Review

 To review the legal sufficiency of the evidence, we must view the evidence in
the light most favorable to the verdict and then determine whether a rational juror
could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). In conducting
this review, we do not reevaluate the weight and credibility of the evidence, but act
only to ensure that the jury reached a rational decision. Muniz v. State, 851 S.W.2d
238, 246 (Tex. Crim. App. 1993). But evidence that is legally sufficient to support
a conviction may not be factually sufficient to support of conviction. Rollerson v.
State, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). 

 Evidence is factually insufficient to support the verdict if it is clearly wrong or
manifestly unjust or against the great weight and preponderance of the evidence. Id. 
A factual sufficiency review involves three ground rules. Lancon v. State, 253
S.W.3d 699, 704 (Tex. Crim. App. 2008). First, we must recognize that a jury has
already passed on the facts, and we must accord the jury the proper deference to avoid
substituting our judgment for that of the jury. Id. at 704-05 (citing Clewis v. State,
922 S.W.2d 126 (Tex. Crim. App. 1996)). Second, where we find the facts
determined by the jury to be insufficient to affirm a conviction, we must clearly lay
out and explain how the evidence supporting the verdict is too weak on its own, or
how contradicting evidence greatly outweighs evidence supporting the verdict. Id.
at 705. Finally, we view all of the evidence in a neutral light when conducting this
review. Id. We may only set aside a verdict where the evidence supporting the
verdict is so weak as to render the verdict clearly wrong or manifestly unjust. Id.
(citing Cain v. State, 958 S.W.2d 404, 406 (Tex. Crim. App. 1997)). 

 Both legal and factual sufficiency standards require the reviewing court to
consider all of the evidence. Rollerson, 227 S.W.3d at 724. "The difference between
the two standards is that the former requires the reviewing court to defer to the jury's
credibility and weight determinations while the latter permits the reviewing court to
substitute its judgment for the jury's on these questions 'albeit to a very limited
degree'." Id. (quoting Watson v. State, 204 S.W.3d 404, 416-17 (Tex. Crim. App.
2006)). In reality, a factual sufficiency review is barely distinguishable from a legal
sufficiency review. Id. Unless the available record clearly reveals a different result
is appropriate, an appellate court must defer to the jury's determination concerning
what weight to give contradictory testimonial evidence because resolution often turns
on a evaluation of credibility and demeanor, and those jurors were in attendance when
the testimony was delivered. Johnson v. State, 23 S.W.3d 1, 8 (Tex. Crim. App.
2000). 

 Aggravated Robbery

 Appellant was tried under the following indictment:

 The duly organized Grand Jury of Harris County, Texas, presents in the
District Court of Harris County, Texas, that in Harris County, Texas,
[appellant], hereafter styled as the Defendant, heretofore on or about
June 21, 2007, did then and there unlawfully, while in the course of
committing theft of property owned by [the complainant] with the intent
to obtain and maintain control of the property, intentionally and
knowingly threaten and place [the complainant] in fear of imminent
bodily injury and death, and the Defendant did then and there use and
exhibit a deadly weapon, to-wit: A FIREARM.

 Under the Texas Penal Code, a person commits robbery if he commits theft and
"with intent to obtain or maintain control of the property, he intentionally or
knowingly threatens or places another in fear of imminent bodily injury or death." 
Tex. Penal Code Ann. § 29.02(a)(2) (Vernon 2003). A person commits aggravated
robbery if, during the commission of a robbery, he "uses or exhibits a deadly
weapon." Id. § 29.03(a)(2); Price v. State, 227 S.W.3d 264, 266 (Tex.
App.--Houston [1st Dist.] 2007, pet. dism'd). When the State specifically alleges
that a firearm was used, it assumes the additional burden of proving, beyond a
reasonable doubt, that appellant employed such a weapon in the commission of the
offense. Price, 227 S.W.3d at 266 (citing Gomez v. State, 685 S.W.2d 333, 336 (Tex.
Crim. App. 1985)).

 The Penal Code defines a deadly weapon as "a firearm or anything manifestly
designed, made, or adapted for the purpose of inflicting death or serious bodily
injury" or "anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17) (Vernon Supp.
2008); Price, 227 S.W.3d at 266. By definition, therefore, a firearm is a deadly
weapon. Price, 227 S.W.3d at 266 (citing Ex parte Huskins, 176 S.W.3d 818, 820
(Tex. Crim. App. 2005)). Section 46.01 of the Penal Code defines a firearm as "any
device designed, made, or adapted to expel a projectile through a barrel by using the
energy generated by an explosion or burning substance or any device readily
convertible to that use." Tex. Penal Code Ann. § 46.01(3) (Vernon Supp. 2008);
Price, 227 S.W.3d at 266 .
 We recognize that the term "gun" may be a broader term than "firearm"and
may include such nonlethal instruments as BB guns, blow guns, pop guns, and grease
guns. Price, 227 S.W.3d at 266 (citing Davis v. State, 180 S.W.3d 277, 286 (Tex.
App.--Texarkana 2005, no pet.)). The fact finder, however, is free to draw
reasonable inferences and make reasonable deductions from the evidence as presented
within the context of the crime. Id. Thus, absent any specific indication to the
contrary at trial, the jury may draw the reasonable inference or make the reasonable
deduction that the "gun" used in the commission of a crime was a firearm. Id. A
complainant's uncontroverted testimony regarding the defendant's use and exhibition
of a gun is legally and factually sufficient to sustain a conviction for aggravated
robbery. Ford v. State, 152 S.W.3d 752, 755-56 (Tex. App.--Houston [1st Dist.]
2004, pet. ref'd.).

 At trial, the State presented testimony from the complainant regarding the gun
used in the course of the offense. The complainant testified that appellant entered the 
gas station initially to purchase a beer, but left after the complainant told him he could
not buy alcohol without an identification card with a picture. However, appellant
showed the complainant his birth certificate from which the complainant copied
appellant's name, birth date, and state of origin. The complainant testified that
appellant returned 5 to 10 minutes later. Appellant walked to the counter and lifted
his shirt. The complainant testified that he could see "the handle part" of a gun,
which placed the complainant in imminent fear of bodily injury or death. Appellant
took one beer from the beer display in front of the counter and walked out of the gas
station. Viewing the evidence in the light most favorable to the verdict, a rational
jury could find, beyond a reasonable doubt, that appellant committed aggravated
robbery using a firearm. Jackson, 443 U.S. at 319, 99 S. Ct. at 2790; Price, 227
S.W.3d at 266; Ford, 152 S.W.3d at 755-56. Appellant presented no evidence at the
guilt/innocence phase of the trial. The complainant's testimony was not disputed.
Therefore, the evidence presented regarding appellant's commission of aggravated
robbery is not so weak as to render the verdict clearly wrong or manifestly unjust. 
Lancon, 253 S.W.3d at 704; Ford, 152 S.W.3d at 755-56. 

 We overrule appellant's first and second points of error.

Admission of Demonstrative Evidence

 In his fifth point of error, appellant argues that the trial court erred in admitting
a firearm into evidence because the State failed to prove that the firearm used at trial
was the same firearm used during the course of the offense. 

 The weapon with which a crime was committed or alleged to have been
committed is admissible in evidence. Foster v. State, 779 S.W.2d 845, 861 (Tex.
Crim. App. 1989). An object, such as a weapon, offered in evidence should not be
rejected "solely because it is not positively identified as the exact object that was
connected with the crime." Id. "It is within the trial court's discretion to admit into
evidence a weapon or instrument similar to the type used in the commission of an
offense." Simmons v. State, 622 S.W.2d 111, 113 (Tex. Crim. App. 1981); Fletcher
v. State, 902 S.W.2d 165, 166 (Tex. App.--Houston [1st Dist.] 1995, pet. ref'd);
Risley v. State, No. 01-04-00732-CR, 2005 WL 1365134, at *4 (Tex. App--Houston
[1st Dist.] June 9, 2005, pet. ref'd). "The lack of positive identification of a weapon
or instrumentality used during the commission of a crime affects its weight rather
than its admissibility." Fletcher, 902 S.W.2d at166-67. "The introduction of a
weapon submitted as 'the same as,' 'like,' or 'comparable to' is admissible as
demonstrative evidence to aid the jury in understanding oral testimony adduced at
trial." Id. at 167.

 Here, the State and the complainant had the following exchange prior to the
admission of the gun into evidence:

 [State]: [Complainant], I am going to show you State's
exhibit No. 16 and ask you: Does State's No. 16
look like the weapon that you saw on June 21st,
2007?


 [Complainant]: Yes.


 [State]: Does it appear to be the same size and color as the
weapon you saw?


 [Complainant]: Yes.


 [State]: At this time the State would offer No. 16 into
evidence. I will tender to the defense. 


 [Appellant]: May I take the witness on voir dire?


 [Court]: Yes, ma'am.


On voir dire, appellant's counsel and the complainant had the following exchange:


 [Appellant]: [Complainant], did, you know [sic], get a full look at
this weapon that he had in his waistband? Did you?


 [Complainant]: No.


 [Appellant]: No. And how far away was this person from you
when you say you saw this gun?


 [Complainant]: About from here to let's say where you are sitting.


 [Appellant]: Okay. And this person just left [sic] his shirt--


 [Complainant]: Yes.


 [Appellant]: --correct? You didn't touch the weapon?


 [Complainant]: No.


 [Appellant]: He didn't pull it out?


 [Complainant] He didn't pull it out.


 [Appellant]: You don't get to see if it was--what kind of gun it
was, did you? Was it a revolver or an automatic?


 [Complainant]: No. I don't know. I mean, it was--you know, I saw
the handle part and a little bit of the other side of it.


At the end of his voir dire questioning, appellant's counsel objected to the admission
of the gun because the complainant "didn't have personal knowledge to identify this
particular weapon as being the one that the perpetrator had on him." Over appellant's
objection, the trial court admitted the gun into evidence.

 The State argues that it introduced the gun into evidence for demonstrative
purposes only. In the State's exchange with the complainant, the State did not ask the
complainant if the gun used at trial was the same gun used in the offense. The
complainant did not testify that the gun used at trial was the gun used during the
offense. Instead, the State asked the complainant to compare the features of the gun
displayed at trial with the features of the gun used during the offense. After the gun
was admitted into evidence, the State asked the complainant to demonstrate for the
jury how appellant carried the gun and displayed the gun during the course of the
offense. Even though the gun used at trial was not identified as the gun used in the
offense, we conclude that the trial court was within its discretion to admit the gun into
evidence for demonstrative purposes. See Simmons, 622 S.W.2d at 113; Fletcher,
902 S.W.2d at166-67. 

 We overrule appellant's fifth point of error. 

Foreign Conviction Used for Enhancement

 In his fourth point of error, appellant argues that the trial court erred in
admitting his Florida felony conviction into evidence at the punishment phase for
purposes of sentence enhancement in Texas.

 Analysis

 The State establishes proof of a prior conviction by introducing copies of the
judgment and sentence in each case used for enhancement and connecting them with
the defendant. See Tex. Penal Code Ann. § 12.42 (Vernon Supp. 2008); Johnson
v. State, 725 S.W.2d 245, 247 (Tex. Crim. App. 1987). Once the State properly
introduces a judgment and sentence and identifies the defendant with them, the
burden shifts to the defendant to affirmatively show a defect which would prove that
the prior conviction was void. Johnson, 725 S.W.2d at 247. When a foreign
conviction is involved, in absence of proof of the laws of the other state, this Court
will presume that its law is the same as that of the State of Texas. Langston v. State
776 S.W.2d 586, 587 (Tex. Crim .App. 1989). A plea of "true" by a defendant to an
enhancement paragraph is sufficient to satisfy the State's burden of proof as to the
convictions alleged for enhancement purposes. Simmons v. State, 493 S.W.2d 937,
940 (Tex. Crim. App. 1973); Cook v. State, 256 S.W.3d 846, 851 (Tex.
App.--Texarkana 2008, no pet.).

 Here, appellant stipulated to the following evidence:

 On June 25, 2002, in the 17th Circuit District Court of Broward County,
Florida, in Cause Number 02-8889 the Defendant was convicted of the
Felony offense of Burglary of a Dwelling. 


He also pled true to the Florida felony conviction after the trial court admonished him
repeatedly about waiving his right of confrontation prior to and after his plea. 
Because appellant pled true to the conviction, the State satisfied its burden to use the
Florida felony conviction for enhancement purposes. See Simmons, 493 S.W.2d at
940; Cook, 256 S.W.3d at 851. 

 We overrule appellant's fourth point of error.

Ineffective Assistance of Counsel

 Appellant argues that his trial counsel was ineffective because she failed to
object to the admission of appellant's prior felony conviction in Florida, failed to file
a motion to quash the enhancement paragraph that relied upon the prior conviction,
failed to make a bill of exceptions regarding the prior conviction, and failed to advise
appellant against stipulating to evidence of the prior conviction. 

 

 Standard of Review

 We evaluate the effectiveness of counsel under the two-pronged test enunciated
in Strickland v. Washington, 466 U.S. 668, 690, 104 S. Ct. 2052, 2066 (1984);
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). First, the appellant
must show that his trial counsel's representation fell below an objective standard of
reasonableness. Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. To prove this
deficiency in representation, the appellant must demonstrate that his counsel's
performance deviated from prevailing professional norms. Id. at 688, 104 S. Ct. at
2065. Second, he must show prejudice. Id. at 687, 104 S. Ct. at 2064. To show
prejudice, the appellant must show a reasonable probability that, but for his counsel's
unprofessional errors, the result of the proceeding would have been different. Id. at
694, 104 S. Ct. at 2068. When an appellant fails to satisfy one prong of the
Strickland test, the reviewing court need not consider the other prong. Id. at 697, 104
S. Ct. at 2069.

 Under normal circumstances, the record on direct appeal will not be sufficient 
to show that counsel's representation was so deficient and so lacking in tactical or
strategic decision making as to overcome the presumption that counsel's conduct was
reasonable and professional. Rylander v. State, 101 S.W.3d 107, 110-11 (Tex. Crim.
App. 2003); Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). We cannot
speculate beyond the record provided; rather, a reviewing court must presume that the
actions were taken as part of a strategic plan for representing the client. Rylander,
101 S.W.3d at 110-11. Ineffective assistance of counsel claims must be firmly
founded in the record. Bone, 77 S.W.3d at 835. That record must itself affirmatively
demonstrate the alleged ineffectiveness. Id. at 833. A defendant must prove, by a
preponderance of the evidence, that there is, in fact, no plausible professional reason
for a specific act or omission. Bone, 77 S.W.3d at 836. 

 When an ineffective assistance claim alleges that counsel was deficient in
failing to move to suppress or to object to the admission of evidence, the defendant
must also show, as part of his claim, that the evidence was inadmissible and that the
motion to suppress or the objection would have been granted. Ortiz v. State, 93
S.W.3d 79, 93 (Tex. Crim. App. 2002) (failure to move to suppress); Jackson v. State,
973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (failure to object to evidence); Keller
v. State, 125 S.W.3d 600, 608 (Tex App.--Houston [1st Dist.] 2003, pet. dism'd)
(holding that appellant did not prove ineffective assistance of counsel due to failure
to file motion to quash because hearing on motion for new trial produced no evidence
to explain why trial counsel failed to do so).

 We have held that appellant's prior conviction in Florida was admissible. 
Moreover, appellant stipulated to the evidence of his prior conviction and pled true
to the enhancement paragraph after receiving several admonishments in open court
from the trial court. Appellant did not file a motion for new trial. He has failed to
show that he would have succeeded on a motion to quash. We conclude that the
record does not affirmatively demonstrate that trial counsel was ineffective, and
therefore, appellant has failed to prove the first prong of Strickland. See Strickland,
466 U.S. at 688, 104 S. Ct. at 2064; Bone, 77 S.W.3d at 835; Jackson, 973 S.W.2d
at 957. 

 We overrule appellant's third point of error.

Conclusion

 We affirm the judgment of the trial court. 




 Evelyn V. Keyes

 Justice


Panel consists of Justices Keyes, Hanks, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Penal Code Ann. § 29.03 (Vernon 2003).